J. Irwin Shapiro, J.
This is a motion by the defendant “ for an order directing the plaintiff, marvin i. gottlieb, to furnish security for costs ” pursuant to CPLR 8501.
Insofar as material, this section provides: “ Security for costs, (a) As of right * * * the court or a judge thereof shall order security for costs to be given by the plaintiffs where none of them is * * * a resident of the state when the motion is made.”
Plaintiff concedes that he “ lives in the State of New Jersey and is a resident of said State ”; but he contends that “he is also a resident of New York State since he is a medical doctor licensed to practice medicine in New York State-with offices at 55 East 87th Street, City, County and State of New York.”
Plaintiff asserts that under CPLR 503 (subd. [d]) one who operates a business within New York State is deemed a resident of the county in which he maintains offices for the transaction of that .business and that he, therefore, is a resident of New York County where he has his medical office.
CPLR 503 is the rule to be applied in determining the proper venue of an action and, insofar as material, it provides:
“ Venue based on residence, (a) * * * Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; or, if none of the parties then resided in the state, in any county designated by the plaintiff. * * *
“(d) * * * A partnership or an individually-owned business shall be deemed a resident of any county in which it has its principal office, as well as the county in which the partner or individual owner suing or being sued actually’;resides. ’ ’
Subdivision (d) is'designed to give additional county residences to residents of this State for the purpose of determining the venue of an action. It deals merely with a designation of *389 the proper place of trial and does not purport to confer upon a nonresident of this State the status of a resident.
In cases where the Legislature has intended a nonresident for certain purposes to be deemed a resident of this State, it has said so in unmistakable terms. (Business Corporation Law, art. 13.) So also in the very section dictating the posting of security for costs by a nonresident (CPLR 8501, subd. [a]), the Legislature has exempted/' a foreign corporation licensed to do business in the state If it had intended a like exemption for a nonresident having an office or a place of business in this State it could have so indicated. Its omission to do so evidences an intention not to create the additional exemption here sought by plaintiff. The motion is granted. Security for costs in the sum of $250 is directed.