OPINION OF THE COURT
Israel Rubin, J.
This is a motion by the defendant "for an Order transferring the venue of this case to the Supreme Court of The State of New York, County of Nassau”. The motion is made solely on the ground that defendant is not a resident of the County of New York.
This is an action by plaintiff to recover damages as the result of the alleged medical malpractice of the defendant physician. Plaintiff, a resident of Nassau County, has designated New York County as the place for trial by virtue of the defendant, a New York resident, maintaining her offices in the Borough of Manhattan.
The proper venue is determined by CPLR 503 which, insofar as material, provides:
"Venue based on residence
"(a) * * * Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced * * * A party resident in more than one county shall be deemed a resident of each such county * * *
"(d) * * * A partnership or an individually-owned business shall be deemed a resident of any county in which it has its *490 principal office, as well as the county in which the partner or individual owner suing or being sued actually resides.”
Subdivision (d) is designed to give additional county residences to residents of this State for the purpose of determining the venue of an action (Gottlieb v Paysner, 46 Misc 2d 388). Defendant does not deny that she is a resident of the State so that the sole issue to be determined is whether a physician would come under the term "individually-owned business”.
It is defendant’s contention that the practice of medicine does not constitute the conducting of a business for the purposes of CPLR 503.
Webster’s Dictionary (new ed) defines a business as a trade, profession or occupation. Whether we be physicians or attorneys, when we offer our services to the public, we are engaged in a business. CPLR 503 does not grant an exception to a profession. While the courts have limited the application of CPLR 503 (d) to a profession (business) related action (Friedman v Law, 60 AD2d 832), there is no question that a medical doctor practicing medicine in this State is subject to its provisions.
Accordingly, the motion for a change of venue is denied.