■ TAMEK SELLARS, an Infant, by LILLIE SELLARS, Her Mother and Natural Guardian, et al., Respondents, v DAVID A. TUBBS, Appellant.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying defendant Tubbs' motion for a change of venue from Bronx County to Erie County and instead *sua sponte* changing venue to New York County, the county in which plaintiffs reside. Plaintiffs were not entitled to the relief granted by the court because they failed to cross-move for a change of venue *(see, Kelson v Nedicks Stores,* 104 AD2d 315; *see also, Franklin Traffic Serv. v Helmer's Fuel & Trucking,* 142 AD2d 936). Plaintiffs merely asserted in opposition to defendant's motion that an error in venue was made by a new clerk in plaintiffs' attorney's office, and that the error should be corrected pursuant to CPLR 2001.

Although plaintiffs had the right to select the place of venue in the first instance, they forfeited that right by choosing an improper county, in which none of the parties resides. Defendant became entitled to select the county of venue, having first served a demand for a change of venue (CPLR 511 [a])

and thereafter moving to change venue (CPLR 511 [b]; *see, Papadakis v Command Bus Co.,* 91 AD2d 657; Siegel, NY Prac § 123). (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—Change of Venue.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.