■ Agway, Inc., Respondent-Appellant, v Terry J. Kervin et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff Agway, Inc. is a licensed foreign corporation which has its principal office in Onondaga County. Defendants Kervin, sued here individually, are residents of Pennsylvania. Until March 22, 1991, defendants operated an "individually-owned business" in Cattaraugus County. Plaintiff commenced this action in January 1992, designating venue in Erie County. By their amended demand for a change of venue, defendants asserted that venue in Erie County was improper and that venue should be transferred to Cattaraugus County. Plaintiff opposed defendants' motion and cross-moved for retention of venue in Erie County. The court denied defendants' motion and plaintiff's cross motion. Although neither party requested such relief, the court ordered the case transferred to Onondaga County. Both parties appeal.

The court improperly transferred venue to Onondaga County. The court is without power to change venue in the absence of a motion (CPLR 510 [1]), and, moreover, it is error for a court reviewing a change of venue motion to transfer the case to a forum not designated or requested by either party *(Sellars v Tubbs,* 171 AD2d 1025; *Nixon v Federated Dept. Stores,* 170 AD2d 659, 660).

The question is whether venue should be transferred to Cattaraugus County, as requested by defendants, or retained in Erie County, where originally designated by plaintiff. Un-

questionably, plaintiff, a licensed foreign corporation with its principal place of business in Onondaga County, is deemed a "resident" of Onondaga for venue purposes (CPLR 503 [a], [c]). Therefore, since defendants do not reside in Erie County, plaintiff designated an improper venue in bringing the action in Erie County. Nevertheless, it is implicit in the statutory scheme that, even where plaintiff selects an improper venue, venue will be transferred to the forum of defendant's choice only if defendant requests a proper venue (see, CPLR 511 [b]). To effect a change of venue as of right, a defendant must show both that plaintiff's choice of venue is improper and that defendant's is proper (Siegel, NY Prac § 123, at 190 [2d ed]). On the other hand, a plaintiff defeats a defendant's motion to transfer venue by showing either that plaintiff's chosen county is proper or that defendant's is not (Siegel, NY Prac § 123, op. cit., at 189; see also, Nixon v Federated Dept. Stores, supra, at 660; Payne v Civil Serv. Employees Assn., 15 AD2d 265, 268).

Here, although defendants demonstrated that plaintiff's choice was erroneous, they did not satisfy their burden of requesting a proper venue. Defendants reside in Pennsylvania, and thus are not residents of Cattaraugus County pursuant to CPLR 503 (a). Nor can defendants be deemed to be residents of Cattaraugus County, where their business had its principal office (see, CPLR 503 [d]; Harrington v Cramer, 129 Misc 2d 489, 490). According to the record, defendants were no longer operating their business in Cattaraugus County when this action was commenced (see, CPLR 503 [a]).

In moving for a transfer of venue, defendants failed to designate a proper venue. Thus, the court was without power to change venue pursuant to CPLR 510 (1) and, "[n]otwithstanding any [other] provision of [CPLR article 5], the place of trial * * * shall be in the county designated by the plaintiff" (CPLR 509). The court's order must be modified to retain venue in Erie County. (Appeals from Order of Supreme Court, Erie County, Mintz, J.—Change of Venue.) Present—Denman, P. J., Balio, Lawton, Fallon and Doerr, JJ.