■ AMY L. M. et al., Respondents, v BOARD OF EDUCATION OF THE CARMEL CENTRAL SCHOOL DISTRICT et al., Defendants, and JEFFREY MILLER, Appellant. [608 NYS2d 117] —In an action to recover damages, *inter alia,* for loss of services and companionship of the infant plaintiff, the defendant Jeffrey Miller appeals from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated June 19, 1991, as denied his motion pursuant to CPLR 3216 to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Jeffrey Miller contends that the court erred in denying his motion pursuant to CPLR 3216 to dismiss the complaint insofar as it is asserted against him based on the plaintiff's failure to comply with two 90-day demands to file a note of of issue. We disagree. The plaintiffs persuasively claimed that law office failure was a reasonable excuse for their default and the record suggests that the plaintiffs' causes of action may have merit and that they did not intend to abandon the action *(see, Lichter v State of New York,* 198 AD2d 687; *Pastore v Golub Corp.,* 184 AD2d 827). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ AMY L. M. et al., Respondents, v BOARD OF EDUCATION OF THE CARMEL CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendant. [608 NYS2d 5] —In an action to recover damages, *inter alia,* for loss of services and companionship, the defendants other than Jeffrey Miller appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated March 26, 1992, which purportedly granted the plaintiffs' request for a change of venue.

Ordered that the appeal is dismissed, without costs or disbursements.

By order dated March 26, 1992, the Justice presiding over this case *sua sponte* recused himself and noted that the plaintiffs had requested a change of venue. However, the order did not change venue. Thus, the appellants are not aggrieved by the order. In any event, in this case, the court could only change venue upon a formal motion by the plaintiffs *(see, Agway, Inc. v Kervin,* 188 AD2d 1076; *Kelson v Nedicks Stores,* 104 AD2d 315; *Korman v City of New York,* 89 AD2d 888). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.