■ Marcelino Ramos, Respondent, v Cooper Tire & Rubber Company, Appellant, and Northside Tire Shop, Respondent, et al., Defendant. [859 NYS2d 235]—

In an action to recover damages for personal injuries, the defendant Cooper Tire & Rubber Company appeals from so much

of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated November 1, 2007, as denied its motion pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Ulster County.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant failed to establish that two nonparty witnesses would be inconvenienced if venue was not changed to Ulster County. The general statements of the two nonparty witnesses that it would be more convenient for them to testify in the Supreme Court, Ulster County, rather than the Supreme Court, Kings County, were insufficient to warrant a change of venue, especially since the residences and places of employment of each of these witnesses were closer to the courthouse in Brooklyn than the courthouse in Kingston (*see Heiss v Moose*, 16 AD3d 765 [2005]; *Rosario v St. John's Riverside Hosp.*, 11 AD3d 351 [2004]; *Hartigan v Kurian*, 224 AD2d 299 [1996]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Ulster County.

Contrary to the appellant's contention, the Supreme Court did not deny his request for relief pursuant to CPLR 510 (1) and 511. Rather, the court properly disregarded that request as well as the new evidence submitted in support thereof, as both the request and the new evidence were improperly submitted for the first time in reply (*see Derby v Menchenfriend*, 18 AD3d 694, 695 [2005]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.