■ GOEL YAEL SILVERA, Respondent, v STRIKE LONG ISLAND, Appellant. [860 NYS2d 555]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 27, 2007, which denied its motion (a) pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Nassau County, and (b) for leave to renew and reargue its prior motion pursuant to CPLR 510 (3) and 511 to change the venue of the action from Kings County to Nassau County, which had been denied in an order of the same court dated August 13, 2006.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 510 (1) and 511 to change the venue of this action from Kings County to Nassau County. To effect a change of venue pursuant to CPLR 510 (1), a defendant must show both that the plaintiff's choice of venue is improper and that its choice of venue is proper (*see* CPLR 511 [b]; *Agway, Inc. v Kervin,* 188 AD2d 1076, 1077 [1992]). After ascertaining the true residence of the plaintiff (*cf. Joyner-Pack v Sykes,* 30 AD3d 469 [2006]; *P.T.R. Co. v Teitelbaum,* 2 AD3d 609 [2003]; *Runcie v Cross County Shopping Mall,* 268 AD2d 577 [2000]), the defendant moved promptly to change the venue of this action on the ground that the designated county, which was based on the plaintiff's purported residence, is not a proper county (*see* CPLR 510 [1]). While the defendant made a prima facie showing that the plaintiff did not reside in Kings County when the action was commenced, it failed to show that any party resided in Nassau County when the action was commenced (*see* CPLR 503 [a], [c]; 511 [b]; *Agway, Inc. v Kervin,* 188 AD2d at 1077). Since the defendant failed to designate a proper county, that branch of its motion which was to change venue pursuant to CPLR 510 (1) was properly denied.

The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 2221 (e) for leave to renew its prior motion pursuant to CPLR 510 (3) and 511 to change the venue of this action from Kings County to Nassau County. The new facts presented by the defendant in support of its motion did not warrant a change of the prior determination (*see* CPLR 2221 [e] [2]; *Tricoche v Warner Amex Satellite Entertainment Co.*, 48 AD3d 671 [2008]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.