■ Karl Dyer, Respondent, v 930 Flushing, LLC, Appellant.
[987 NYS2d 206]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 24, 2013, which denied its motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Nassau County.

Ordered that the order is affirmed, with costs.

The plaintiff placed the venue of this action in Kings County based upon the alleged location of the principal office of the defendant. The defendant moved to transfer venue to Nassau County, alleging that it did not reside in Kings County at the time of the commencement of this action and that its principal office was located in Nassau County, as evidenced by a computer printout from the website of the New York State Department of State, Division of Corporations.

The sole residence of a limited liability company for venue purposes is the county where its principal office is located as designated in its articles of organization (*see* CPLR 503 [c]; Limited Liability Company Law §§ 102 [s]; 203 [e] [2]; *Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD3d 627, 628 [2002]; *see also Milom v Marble Hall Apts., Inc.*, 37 AD3d 672 [2007]; *Hamilton v Corona Ready Mix, Inc.*, 21 AD3d 448, 449 [2005]). Such office need not be a place where business activities are conducted by the limited liability company (*see* Limited Liability Company Law § 102 [s]). Computer printouts are admissible as business records if the data was stored in the normal course of business (*see* CPLR 4518 [a]; State Technology Law § 302 [2]; *Ed Guth Realty v Gingold*, 34 NY2d 440, 451-452 [1974]; *Education Resources Inst., Inc. v Piazza*, 17 AD3d 513, 515 [2005]; *Schneider Fuel Oil v DeGennaro*, 238 AD2d 495 [1997]; *Matter of Thomma*, 232 AD2d 422 [1996]). However, the computer printout submitted by the defendant in support of its motion was inadmissible, since it was not certified or authenticated by the head of the New York State Department of State (*see* CPLR

2307, 4518 [c]), and it was not supported by a factual foundation sufficient to demonstrate its admissibility as a business record (*see People v Kennedy*, 68 NY2d 569, 579-580 [1986]; *Matter of Leon RR*, 48 NY2d 117, 122 [1979]; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d 494, 495 [2007]; *Education Resources Inst., Inc. v Piazza*, 17 AD3d at 515). Furthermore, the certified copy of the articles of organization submitted by the defendant for the first time in the reply papers was not properly before the Supreme Court (*see Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954, 956 [2010]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526-527 [2008]; *Ramos v Cooper Tire & Rubber Co.*, 51 AD3d 896, 897 [2008]). Since the defendant failed to establish that the county designated by the plaintiff in the first instance was improper, its motion to change the venue of the action from Kings County to Nassau County was properly denied (*see Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526 [2008]; *Nixon v Federated Dept. Stores*, 170 AD2d 659, 660 [1991]). Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.