██ Mery Pinos, Appellant, v Clinton Cafe & Deli, Inc., Defendant, and 2701 Associates, LLC, Doing Business as Hempstead Exec Plaza, Respondent. [33 NYS3d 322]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated May 13, 2015, which granted the motion of the defendant 2701 Associates, LLC, doing business as Hempstead Exec Plaza, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Orange County.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant 2701 Associates, LLC, doing business as Hempstead Exec Plaza, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Orange County is denied, and the Clerk of the Supreme Court, Orange County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff placed the venue of this action in Kings County based upon the alleged location of the principal place of business of the defendant 2701 Associates, LLC, doing business as Hempstead Exec Plaza (hereinafter 2701 Associates). 2701 Associates moved to transfer venue to Orange County, alleging that it did not reside in Kings County at the time of the commencement of this action and that its principal office was located in Orange County. In support, 2701 Associates submit-

ted a certified copy of the articles of organization of "2701 Ocean Avenue LLC," which listed Orange County as the county where that company's principal office was located. The plaintiff opposed the motion, arguing that the motion did not comply with CPLR 511 (b) and that Kings County was a proper venue because 2701 Associates had a place of business in Kings County. The Supreme Court granted the motion. We reverse.

" '[T]o prevail on a motion pursuant to CPLR 510 (1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper' " (*Matoszko v Kielmanowicz*, 136 AD3d 762, 763 [2016], quoting *Deas v Ahmed*, 120 AD3d 750, 750 [2014]). "Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper" (*Young Sun Chung v Kwah*, 122 AD3d 729, 730 [2014]).

"Pursuant to CPLR 503 (a), the venue of an action is properly placed in the county in which any of the parties resided at the time of commencement" (*Carlton Group, Ltd. v Property Mkts. Group, Inc.*, 134 AD3d 1018, 1019 [2015]). "The sole residence of a limited liability company for venue purposes is the county where its principal office is located as designated in its articles of organization" (*Dyer v 930 Flushing, LLC*, 118 AD3d 742, 742 [2014]; *see* CPLR 503 [c]; Limited Liability Company Law §§ 102 [s]; 203 [e] [2]; *Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD2d 627, 627-628 [2002]). "Such office need not be a place where business activities are conducted by the limited liability company" (*Dyer v 930 Flushing, LLC*, 118 AD3d at 742; *see* Limited Liability Company Law § 102 [s]; *Graziuso v 2060 Hylan Blvd. Rest. Corp.*, 300 AD2d at 627-628).

Here, 2701 Associates did not meet its burden of demonstrating that Kings County was an improper venue, and that Orange County was a proper venue. 2701 Associates failed to establish that it resided in Orange County because the articles of organization it submitted in support of its motion referred to "2701 Ocean Avenue LLC" as opposed to 2701 Associates, and 2701 Associates submitted no evidence demonstrating the relationship between itself and "2701 Ocean Avenue LLC." Although the plaintiff did not point out this deficiency in proof in opposing the motion to transfer venue, " 'questions of law which appear on the face of the record and which could not have been avoided if raised at the proper juncture may be raised for the first time on appeal' " (*Goldman & Assoc., LLP v Golden*, 115 AD3d 911, 912 [2014], quoting *Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 618 [2012]). Here, the issue of whether 2701 Associates met its burden of demonstrat-

ing that the plaintiff's choice of venue was improper, and that its choice of venue was proper, presents a question of law. Furthermore, contrary to the contention of 2701 Associates, the issue could not have been avoided if raised at the proper juncture, since 2701 Associates could not rely on evidence submitted in reply in order to meet its burden on a motion pursuant to CPLR 510 (1) and 511 to change the venue of the action (*see Dyer v 930 Flushing, LLC*, 118 AD3d at 743; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526, 526-527 [2008]; *Ramos v Cooper Tire & Rubber Co.*, 51 AD3d 896, 897 [2008]; *see also Mulqueen v Live*, 111 AD3d 585 [2013]).

Accordingly, the Supreme Court should have denied 2701 Associates' motion pursuant to CPLR 510 (1) and 511 to change the venue of the action from Kings County to Orange County.

In light of our determination, we need not reach the plaintiff's remaining contention. Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.