Guerrero v BRE Park Ave. Tower Owner, LLC (2019 NY Slip Op 07569)





Guerrero v BRE Park Ave. Tower Owner, LLC


2019 NY Slip Op 07569


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-00913
 (Index No. 509589/16)

[*1]Raul Guerrero, plaintiff-respondent, 
v
BRE Park Avenue Tower Owner, LLC, defendant third-party plaintiff-respondent, All Safe, LLC, defendant- respondent; American Spray-On Corp., third-party defendant-appellant.


Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for third-party defendant-appellant.
Gorayeb & Associates, P.C., New York, NY (Martin J. Moskowitz of counsel), for plaintiff-respondent.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (Meghan M. Dolan of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 17, 2017. The order denied the motion of the third-party defendant pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Westchester County.
ORDERED that the order is affirmed, with one bill of costs.
On February 13, 2016, the plaintiff allegedly was injured while working at a construction site in Manhattan. In June 2016, the plaintiff commenced this action against BRE Park Avenue Tower Owner, LLC, and All Safe, LLC, placing venue in Kings County based upon the purported residence of the defendant All Safe, LLC. All Safe, LLC's application to the New York City Department of Buildings for a work permit stated that its business address was in Brooklyn. In August 2017, BRE Park Avenue Tower Owner, LLC, commenced a third-party action against the third-party defendant, American Spray-On Corp. Thereafter, the third-party defendant served a timely demand for a change of venue, and subsequently timely moved to change the venue of the action from Kings County to Westchester County, alleging that none of the parties resided in Kings County at the time of the commencement of this action and that All Safe, LLC, resided in Westchester County.
In support of its motion, the third-party defendant submitted, inter alia, a certified copy of the articles of organization of All Safe, LLC, which listed Westchester County as the location of its principal office. In opposition, the plaintiff submitted, inter alia, a copy of a computer printout from the New York State Department of State, Division of Corporations (hereinafter DOC), which confirmed that the residence of All Safe, LLC, was in Westchester County, but showed that [*2]All Safe, LLC, had been dissolved in 2003. All Safe, LLC, then submitted a response to the third-party defendant's motion, in which it referred to the named defendant, All Safe, LLC, by the name All-Safe, LLC (a hyphenated version of All Safe). All Safe, LLC's response included a copy of a computer printout from the DOC, which showed that an entity named All-Safe, LLC, was located in Putnam County. In reply, the third-party defendant submitted a certified copy of the articles of organization of All-Safe, LLC, which established that All-Safe, LLC's principal office was located in Putnam County. In the order appealed from, the Supreme Court denied the third-party defendant's motion. The third-party defendant appeals.
CPLR 503(a) provides, in relevant part, that "the place of trial shall be in the county in which one of the parties resided when [the action] was commenced." The sole residence of a limited liability company for venue purposes is the county where its principal office is located as designated in its articles of organization (see CPLR 503[c]; Limited Liability Company Law §§ 102[s]; 203[e][2]; Pinos v Clinton Cafe & Deli, Inc., 139 AD3d 1034, 1035; Dyer v 930 Flushing, LLC, 118 AD3d 742, 742; Graziuso v 2060 Hylan Blvd. Rest. Corp., 300 AD2d 627, 628). Such office need not be a place where business activities are conducted by the limited liability company (see Limited Liability Company Law § 102[s]; Pinos v Clinton Cafe & Deli, Inc., 139 AD3d at 1035; Dyer v 930 Flushing, LLC, 118 AD3d at 742; Graziuso v 2060 Hylan Blvd. Rest. Corp., 300 AD2d at 627-628).
"To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489 [alteration and internal quotation marks omitted]; see Pinos v Clinton Cafe & Deli, Inc., 139 AD3d at 1035).
Here, while the third-party defendant established that Kings County was an improper venue, it failed to establish that Westchester County was a proper venue (see Silvera v Strike Long Is., 52 AD3d 497, 497; Agway, Inc. v Kervin, 188 AD2d 1076). The articles of organization that it submitted in support of its motion, and which designated Westchester as the location of the entity's principal office, were for the entity "All Safe, LLC," as opposed to "All-Safe, LLC." Moreover, the plaintiff represented that "All Safe, LLC," had dissolved in 2003. Further, the record demonstrates that the articles of organization of the entity "All-Safe, LLC," indicate that its principal office is located in Putnam County, not Westchester County (see Silvera v Strike Long Is., 52 AD3d at 497; Agway, Inc. v Kervin, 188 AD2d 1076). Since the third-party defendant failed to designate a proper county, its motion to change the venue of the action from Kings County to Westchester County was properly denied.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court