Matter of Zelazny Family Enters., LLC v Town of Shelby (2019 NY Slip Op 09124)





Matter of Zelazny Family Enters., LLC v Town of Shelby


2019 NY Slip Op 09124


Decided on December 20, 2019


Appellate Division, Fourth Department


DeJoseph, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


871 CA 19-00028

[*1]IN THE MATTER OF ZELAZNY FAMILY ENTERPRISES, LLC, CHESTER M. ZELAZNY, EDWARD M. ZELAZNY, JAMES J. ZELAZNY, ROBERT W. KWANDRANS, BRIAN P. MURRAY, SR., STEVEN MILLER, RICHARD MAMMARELLO, RONALD D. SANDERS, KENNETH OLIVER, DONALD J. GARRETT, SR., PAUL D. LUTHART, LEE H. HELLERT, JEFFREY L. STOCKWELL, TODD J. ROBERTS, CHARLES J. TIRANNO, ALAN PANEK, PANEK FAMILY FARMS, LLC, ZELAZNY FAMILY FARMS, LP, MICHAEL J. ZELAZNY, NICOLE M. ZELAZNY, MICHAEL ZELAZNY, MARY S. ZELAZNY, SUSAN M. ZELAZNY, PETITIONERS-PLAINTIFFS-APPELLANTS, FRONTIER STONE LLC AND DAVID KRUG, PETITIONERS-PLAINTIFFS,
v
TOWN OF SHELBY AND TOWN BOARD OF TOWN OF SHELBY, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






ALARIO & FISCHER, P.C., EAST SYRACUSE (LAUREL J. EVELEIGH OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


DeJoseph
 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered August 20, 2018 in a CPLR article 78 proceeding and declaratory judgment action. The order granted the motion of respondents-defendants for a change of venue from Niagara County to Orleans County. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by DeJoseph, J.:
The primary issue raised on this appeal involves the interplay between three statutory provisions concerning venue, i.e., CPLR 504 (2), CPLR 506 (b), and Town Law § 66 (1) and, ultimately, whether Supreme Court properly granted the motion of respondents-defendants (respondents) to transfer venue of this hybrid CPLR article 78 proceeding and declaratory judgment action from Niagara County to Orleans County. We conclude that the court properly transferred venue pursuant to Town Law § 66 (1).
I. FACTS AND PROCEDURAL HISTORY
Petitioners-plaintiffs-appellants (Zelazny petitioners) commenced a hybrid CPLR article 78 proceeding and declaratory judgment action (first proceeding) in Niagara County seeking, inter alia, to declare invalid Local Law No. 5 of 2017 (2017 Law) of respondent-defendant Town of Shelby (Town), which created a wildlife refuge overlay district within the Town, and to annul the negative declaration issued by respondent-defendant Town Board of Town of Shelby (Town [*2]Board) under the State Environmental Quality Review Act (ECL art 8) with respect to the 2017 Law. Petitioners-plaintiffs Frontier Stone LLC and David Krug (Frontier petitioners) commenced a nearly identical hybrid CPLR article 78 proceeding and declaratory judgment action (second proceeding) against respondents in Niagara County.
After the court granted the motion of petitioners-plaintiffs (petitioners) to consolidate the first and second proceedings (proceeding), respondents served a demand to change venue of the proceeding to Orleans County pursuant to CPLR 511 (b) and Town Law
§ 66. As relevant here, the Zelazny petitioners opposed the demand, and respondents then moved pursuant to Town Law § 66 and CPLR 510 to change venue of this proceeding to Orleans County.
In support of that motion, respondents argued that, under Town Law § 66, Orleans County is the only proper venue for this proceeding. In opposition, the Zelazny petitioners argued, inter alia, that venue is proper in Niagara County pursuant to CPLR 506 (b) and that respondents had waived any right to assert improper venue inasmuch as respondents consented to consolidation of the first and second proceedings and negotiated a scheduling order, along with an extension of time to answer.
The court granted respondents' motion and transferred this proceeding to Orleans County. The Zelazny petitioners appeal.
II. ANALYSIS
"To effect a change of venue pursuant to CPLR 510 (1), a defendant must show both that the plaintiff's choice of venue is improper and that its choice of venue is proper" (Silvera v Strike Long Is., 52 AD3d 497, 497 [2d Dept 2008]; see Agway, Inc. v Kervin, 188 AD2d 1076, 1077 [4th Dept 1992]; see generally CPLR 511 [b]). Here, respondents are both situated in Orleans County, and we conclude that respondents established that the Zelazny petitioners' choice of venue (Niagara County) was improper and that respondents' choice (Orleans County) was proper.
The determination whether respondents are entitled to a change in venue requires an analysis of the interplay between three statutory provisions: CPLR 504 (2), CPLR 506 (b), and Town Law § 66 (1). CPLR 504 (2) provides in relevant part that, "subject to the provisions of subdivision (b) of section 506, the place of trial of all actions against" towns or their boards shall be "in the county in which such . . . town . . . is situated." CPLR 506 (b) states that, except in certain circumstances that are not present here, "[a] proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him [or her] by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located."

Town Law § 66 (1) provides that "[t]he place of trial of all actions and proceedings against a town or any of its officers or boards shall be the county in which the town is situated."
We conclude that Town Law § 66 applies and, as such, the proper venue in the instant action is Orleans County rather than Niagara County. Several rules of statutory construction guide that determination. First, in the absence of an irreconcilable conflict, statutory provisions are to be read together whenever possible (see McKinney's Cons Laws of NY, Book 1, Statutes § 391). Second, a repeal of an earlier statute should be implied only where the later statute is in irreconcilable conflict with the earlier statute (see § 398), and a general statute ordinarily must yield to a specific statute (see § 397).
There is no conflict between Town Law § 66 (1) and CPLR 504 (2) inasmuch as they both provide that the proper venue is the county in which the town is situated. There is also no conflict between Town Law § 66 (1) and CPLR 506 (b) because CPLR 506 (b) broadly applies to all proceedings brought against a body or officer while Town Law § 66 (1) applies specifically to all actions and proceedings against a town or its board (see generally McKinney's Cons Laws of [*3]NY, Book 1, Statutes §§ 391, 397). For the same reason, Town Law § 66 (1) is the more specific statute. We therefore conclude that Town Law § 66 (1) and CPLR 504 (2) and 506 (b) may be read together and that there has been no implied repeal of Town Law § 66 (1). Additionally, there is no dispute between the parties that this is a hybrid CPLR article 78 proceeding and declaratory judgment action against the Town and the Town Board. Consequently, Town Law § 66 (1) is directly applicable to this case inasmuch as petitioners brought this hybrid "action[] and proceeding[] against a town [and] . . . its board" (id. [emphasis added]; cf. CPLR 506 [b] ["Proceeding against body or officer" (emphasis added)]).
The Zelazny petitioners contend that venue here is governed by CPLR 504, which they assert was intended to supercede Town Law § 66 (1). We reject that contention. We acknowledge that the Legislative Studies and Reports for CPLR 504 provides as follows:
"[CPLR 504] consolidated civil practice act §§ 182-a and 182-b, McKinney's County Law § 52, McKinney's Second Class Cities Law § 242, McKinney's Town Law § 66 (1) and McKinney's Village Law § 341-e. Subject to § 506, it aims at a uniform rule governing actions against counties, cities, towns and villages or any of their officers, boards or departments." (Legislative Studies and Reports McKinney's Cons Laws of NY, Book 7B, CPLR 504, at 68 [2006]).
In our view, however, that Legislative Report does not warrant a different result. First, Town Law § 66 (1) has not been implicitly or expressly repealed. Second, and most importantly, this hybrid action and proceeding is not covered by CPLR 504 or 506 (b) inasmuch as neither provision applies to a hybrid action and proceeding. Town Law § 66 (1) includes a specific directive that is directly applicable to this case, i.e., the place of trial for all actions and proceedings against a town or any of its boards shall be the county in which the town is situated.
Contrary to the Zelazny petitioners' further contention, respondents did not waive their right to challenge venue by seeking additional time to answer. "[I]t is well-settled that a defendant may waive proper venue as a matter of right if it does not timely demand or move for a change of venue in accordance with CPLR 510 and 511" (Wager v Pelham Union Free Sch. Dist., 108 AD3d 84, 90 [2d Dept 2013]). Here, we conclude that the extension of time to answer, as set forth in the preliminary pre-trial scheduling order, provided respondents additional time to answer and therefore additional time to serve a timely demand to change venue (see generally American Tax Funding, LLC v Druckman Law Group, PLLC, 175 AD3d 1055, 1055 [4th Dept 2019]). Furthermore, the extension of time to answer was not contingent on anything, including that venue was proper in Niagara County. We similarly conclude that respondents' participation in the consolidation motion did not constitute a waiver of their right to challenge venue. Although counsel for respondents consented to consolidate the first and second proceedings in Niagara County, he indicated no implicit or explicit agreement with the assertion of counsel for the Frontier petitioners that venue was proper in Niagara County. Respondents therefore did not waive their right to challenge venue (cf. Wager, 108 AD3d at 87, 90).
In view of the foregoing, the remaining contentions of the Zelazny petitioners are academic.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court