Jacobson v Gaffney (2019 NY Slip Op 09257)





Jacobson v Gaffney


2019 NY Slip Op 09257


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-03283
 (Index No. 52276-16)

[*1]Robert Jacobson, et al., appellants,
v
James S. Gaffney, etc., et al., respondents.


Pirrotti & Glatt Law Firm PLLC, Scarsdale, NY (Anthony Pirrotti, Jr., of counsel), for appellants.
Levene Gouldin & Thompson, LLP, Binghamton, NY (Margaret J. Fowler, John J. Carlin, and Jared R. Mack of counsel), for respondent Cayuga Medical Center at Ithaca, Inc., doing business as Cayuga Medical Center.
Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY (Michael Paul Ringwood of counsel), for respondents James S. Gaffney and Cayuga Neurologic Services, LLP.
Hirsch & Tubiolo, PC, Rochester, NY (Nicholas J. Reeder of counsel), for respondents Joseph K. Bylebyl and Cayuga Anesthesia Associates, PLLC.
Brown, Gruttadaro, Gaujean & Prato, PLLC, Rochester, NY (Jeffrey S. Albanese and Meghan A. Gruttadaro of counsel), for respondents Andreia P. De Lima, Cayuga Medical Associates, P.C., Cayuga Medical Associates, P.C., doing business as Cayuga Neurologic Services of CMA, Cayuga Medical Associates, P.C., doing business as Hospital Medicine Specialists of CMA, and Cayuga Medical Associates, P.C., doing business as Orthopedic Services of CMA.
Martin, Ganotis, Brown, Mould & Currie, P.C., Dewitt, NY (Michael J. Kelly of counsel), for respondents Dirk H. Dugan and Brett H. Young.
Mackenzie Hughes LLP, Syracuse, NY (Jennifer P. Williams and Ryan T. Emery of counsel), for respondent Radiology Associates of Ithaca, P.C.
Sugarman Law Firm, LLP, Syracuse, NY (Zachary M. Mattison and Jenna W. Klucsik of counsel), for respondents William A. Klepack, Mason M. Sopchak, and Dryden Family Medicine, PLLC.
Aswad & Ingraham, Binghamton, NY (Charles O. Ingraham and Rachel E. Miller of counsel), for respondent Marc L. Jouandet.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs [*2]appeal from an order of the Supreme Court, Dutchess County (Victor G. Grossman, J.), dated March 6, 2017. The order granted the separate motions of the defendant Cayuga Medical Center at Ithaca, Inc., doing business as Cayuga Medical Center, the defendants James S. Gaffney and Cayuga Neurologic Services, LLP, the defendants Joseph K. Bylebyl and Cayuga Anesthesia Associates, PLLC, the defendants Andreia P. De Lima, Cayuga Medical Associates, P.C., Cayuga Medical Associates, P.C., doing business as Cayuga Neurologic Services of CMA, Cayuga Medical Associates, P.C., doing business as Hospital Medicine Specialists of CMA, and Cayuga Medical Associates, P.C., doing business as Orthopedic Services of CMA, the defendants Dirk H. Dugan and Brett H. Young, the defendant Radiology Associates of Ithaca, P.C., and the defendants William A. Klepack, Mason M. Sopchak, and Dryden Family Medicine, PLLC, to change the venue of the action from Dutchess County to Tompkins County.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiffs placed venue of this action in Dutchess County based upon the alleged location of the principal office of the defendant Marc L. Jouandet. The defendant Cayuga Medical Center at Ithaca, Inc., doing business as Cayuga Medical Center (hereinafter Cayuga Medical Center), in effect, moved pursuant to CPLR 510(1) and 511 to change the venue of the action from Dutchess County to Tompkins County. Separate motions for the same relief were filed by the remaining defendants.
The Supreme Court granted the defendants' separate motions to change venue on the ground that Dutchess County was not a proper county and Tompkins County was a proper county (see CPLR 510[1]). The plaintiffs appeal.
"The court, upon motion, may change the place of trial of an action where . . . the county designated for that purpose is not a proper county" (CPLR 510[1]). To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (see Pinos v Clinton Café & Deli, Inc., 139 AD3d 1034, 1035). Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper (see Young Sun Chung v Kwah, 122 AD3d 729, 730).
"Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced" (CPLR 503[a]). "A partnership or an individually-owned business shall be deemed a resident of any county in which it has its principal office, as well as the county in which the partner or individual owner suing or being sued actually resides" (CPLR 503[d]).
Here, the evidence submitted by the defendants established, prima facie, that Jouandet's principal office and actual residence were located in Tompkins County, rather than Dutchess County (see DiCicco v Cattani, 5 AD3d 318, 318; Kielczewski v Pinnacle Restoration Corp., 226 AD2d 211, 212). The plaintiffs failed to adequately rebut this showing in their opposition papers (see DiCicco v Cattani, 5 AD3d at 318; Kielczewski v Pinnacle Restoration Corp., 226 AD2d at 212). Accordingly, we agree with the Supreme Court's determination to grant the defendants' respective motions to transfer the venue of the action to Tompkins County (see CPLR 510[1]; Goldberg v Bierman, 35 AD3d 807, 808).
The defendants' remaining contentions need not be reached in light of our determination.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court