# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to
revision before publication in the New York Reports.

No. 57
Racquel Lividini,
  Respondent,
   v.
Harold L. Goldstein et al.,
  Defendants,
Rye Ambulatory Surgery Center,
L.L.C. et al.,
  Appellants.

Daniel S. Ratner, for appellants.
Frank A. Longo, for respondent.

MEMORANDUM:

The order of the Appellate Division, insofar as appealed from, should be reversed,

with costs, so much of the order of Supreme Court as granted the motions for change of

- 1 -

venue by defendants Rye Ambulatory Surgery Center, LLC and Westmed Medical Group, PC, reinstated and the certified question answered in the negative.

Plaintiff, a Westchester County resident, commenced this podiatric malpractice action for injuries allegedly arising from treatment she received in Westchester County from defendants Rye Ambulatory Surgery Center, LLC (Rye Ambulatory) and its owner/operator Westmed Medical Group, PC (Westmed), both located in Westchester County. Defendant Harold L. Goldstein, DPM, the physician who treated plaintiff, was also sued as "an agent, servant and/or employee of defendant" Westmed. Relevant to this appeal, plaintiff designated venue of the action in Bronx County on the theory that Dr. Goldstein, also a Westchester County resident, constituted an "individually-owned business" with a "principal office" in Bronx County.

Supreme Court properly granted defendants' motions pursuant to CPLR 510(1) to change venue to Westchester County because defendants came forward with prima facie proof that venue in the Bronx was improper and plaintiff failed to rebut that evidence. In support of their motion, defendants emphasized that Dr. Goldstein was sued in his individual capacity as an employee of defendant Westmed for services provided in Westchester County but did not dispute the premise that he could be treated as an "individually-owned business."[1] Under CPLR 503(d), "[a] partnership or an individually-owned business shall be deemed a resident of any county in which it has its principal office,

---

[1] Accordingly, the question of whether Dr. Goldstein was properly treated as an "individually-owned business" is not before this Court.

as well as the county in which the partner or individual owner suing or being sued actually resides." Defendants contended that venue in the Bronx was improper under 503(d) because Dr. Goldstein's actual residence and principal office were in Westchester County, submitting a sworn affidavit from Goldstein attesting that he devoted three and one-half days each week to patient care in Westmed offices in Westchester County (treating 350-400 patients per month there) and derived 75% of his income from services provided there. Dr. Goldstein acknowledged that he was also employed at a Bronx hospital, where he supervised podiatric residents two afternoons per week (overseeing the care of "approximately 150 patients/month"), and cared for "approximately 20-25 patients per month" at another Bronx location. Dr. Goldstein's detailed affidavit averring that he spent substantially less time and cared for substantially fewer patients in the Bronx than in Westchester County supported defendants' assertion that his "principal office" was in Westchester County—not the Bronx. To the extent plaintiff argues that an improper venue motion cannot be supported by a sworn affidavit on personal knowledge—that some other type of "documentary evidence" is invariably required—such a rule finds no support in the statutory text and is contrary to evidentiary standards typically governing civil motion practice. The claim, credited by the Appellate Division, that the detailed affidavit should have been disregarded as "conclusory" lacks merit.

In opposition, plaintiff did not controvert Dr. Goldstein's sworn factual assertions but claimed that venue in Bronx County was properly predicated on his conceded practice activities there and documentation indicating he provided a Bronx mailing address to the

New York State Education Department for professional licensing purposes. On their face, the documents provided by plaintiff—a printout from the New York State Education Department website and a statement that Dr. Goldstein was a physician in good standing— indicated only that he supplied a Bronx "address" to licensing authorities. There is no basis in the record to infer that Dr. Goldstein was ever required to identify (or in fact identified) any particular county as the location of his principal office, a designation not contemplated in the relevant professional licensing statutes (*see* Education Law §§ 6502[5], 6530[12] [requiring notification of "any change of name or mailing address"]).[2]  While the registration documents confirmed the undisputed fact that Dr. Goldstein also worked in the Bronx, the venue statute does not deem an individually-owned business a resident of every county where it has an office or transacts business. To conclude otherwise would read the phrase "principal office" out of the statute. Accordingly, defendants were entitled to a change of venue.

---

[2] To the contrary, not only is there no indication individual physicians are (or ever were) required to designate a "principal office" for licensing purposes, but—as the dissent acknowledges—the regulations contemplate that individuals with multiple affiliations will register at multiple addresses (*see* 8 NYCRR 59.8[c] ["where licensees regularly practice at more than one professional office, registration certificates shall be obtained for each office bearing the licensee's name and the exact address of each such office"]). The dissent's reliance on extra-record material in the form of a licensing application it found online (dissenting op. at 11, n 5)—in which the applicant is directed to provide an address and then check a box to label it "personal" or "business"—is likewise both misplaced and unavailing.

RIVERA, J. (dissenting):

Plaintiff filed this medical malpractice action in Bronx County, where, as defendants concede, the treating physician maintains a regular practice, including supervising residents at a local hospital that he designates as his "business address" on his New York

- 1 -

State medical license registration.  On defendants' motions and cross motion for change of venue, it was their burden to affirmatively establish that Bronx County is an improper venue.  On this record, the Appellate Division did not err as a matter of law in concluding that the physician's averments were insufficient to show, as defendants maintained, that his principal office for venue purposes under CPLR 503 was in another county where he also practices.  Critically, his affidavit failed to identify his principal office from among the several locations where he practices in both counties nor did it reveal that he repeatedly designated a Bronx County hospital as his business address on his medical license registration, much less explain why this location is not his principal office.  Therefore, the Appellate Division correctly denied the motions.

I.

Plaintiff Racquel Lividini filed a medical malpractice lawsuit against defendants Westmed Medical Group., P.C.; Rye Ambulatory Surgery Center, L.L.C.; Dr. Harold L. Goldstein; and Dr. Vinai Prakash, for lack of informed consent and injuries allegedly caused by podiatric treatment rendered by Dr. Goldstein and Dr. Prakash at Westmed's facilities and Rye Ambulatory Surgery Center.  Plaintiff filed the action in Bronx County Supreme Court and served Dr. Goldstein at his Bronx County private office where he treats patients.

Defendants moved and cross-moved for change of venue to Westchester County pursuant to CPLR 503, 510 (1), and 511 on the ground that no party resides in Bronx

County.[1]  In support of the motion, Dr. Goldstein submitted an affidavit in which he asserted that he maintains privileges at a Bronx County hospital where he supervises residents at two clinics which serve 150 patients per month and that he sees 20-25 patients per month at a private Bronx medical office.  Nonetheless, Dr. Goldstein averred that his "principal place of business is in Westchester County" because that is where he conducts "the bulk" of his practice in Westmed's employ, seeing patients two days per week at one Westmed office and one morning and afternoon per week at another, totaling 350-400 patients monthly.  He further averred that he performed all his podiatric surgeries at defendant Rye Ambulatory Surgical Center, that he maintained privileges at a local hospital in Westchester County, and that his Westchester services constituted over 75% of his revenue.

In support of her objection to the motions, plaintiff submitted an attorney affirmation, a website printout of a New York State Education Department verification search for Dr. Goldstein's license information, and a letter from the State Education Department, Office of the Professions, certifying that Dr. Goldstein's license to practice podiatry in New York was registered at a Bronx County hospital address.  Counsel argued that the website printout and Education Department verification established that Dr. Goldstein had registered in and was a resident of Bronx County for venue purposes.

---

[1] In the alternative, the business defendants moved for a change of venue pursuant to CPLR 510 (3) arguing that Westchester County was more convenient for material witnesses. The Appellate Division rejected this ground for failure to establish inconvenience, and defendants do not press the issue on appeal.

Counsel also stated that Dr. Goldstein was the Assistant Director of the podiatry resident program at the hospital.

Dr. Goldstein did not submit a responding affidavit. Instead, his counsel's affirmation in reply conceded that the registration address was in Bronx County and baldly argued that it did not constitute his principal place of business. Westmed and Rye's counsel similarly disclaimed the significance of the registration, arguing that it should be treated as no more than a mailing address and not Dr. Goldstein's principal place of business. Supreme Court granted the motions and transferred the action to Supreme Court, Westchester County.

A divided Appellate Division reversed (*Lividini v Goldstein*, 175 AD3d 420 [1st Dept 2019]). The majority held that defendants failed to show that plaintiff's venue designation of Bronx County was improper. The dissenting justices would have affirmed, concluding that merely listing a mailing address with a regulatory agency is not proof of a licensee's principal place of business (*id.* at 425). The Appellate Division granted Westmed and Rye's motion for leave to appeal to this Court and certified the question of whether it properly reversed Supreme Court.[2]

II.

A.

The CPLR venue provisions demonstrate "an express legislative preference for actions being tried in proper counties" (*Saxe v OB/GYN Assocs. P.C.*, 86 NY2d 820, 822

---

[2] Dr. Goldstein and Dr. Prakash did not seek leave to appeal to this Court.

[1995]).  Accordingly, CPLR 510 (1) provides that a court, upon motion, may change the place of trial of an action where the county designated for that purpose is not a proper county (Siegel & Connors, NY Prac § 116 [6th ed 2019] ["A change of venue requires a motion.  That the change cannot be made by the court sua sponte is an old rule. . . .]; *Travelers Indem. Co. of Illinois v. Nnamani*, 286 AD2d 769, 770 [2d Dept 2001] ["(I)n the absence of a motion or consent, the court had no authority to sua sponte change venue"]).  Defendants rightly concede that, as movants, they bear the burden of establishing that plaintiff's venue choice of Bronx County is improper (*Singh v Empire Intl., Ltd.*, 95 AD3d 793, 793 [1st Dept 2012]; CPLR 510 [1]; *cf. Andros v Roderick,* 162 AD2d 813, 814 [3d Dept 1990]).  More to the point, defendants must establish that there is no legal basis for venue in Bronx County. Failure to carry this burden requires the court to deny the motion (*see* CPLR 510 [1]).

B.

Under CPLR 503 (a), venue is proper

> "in the county in which one of the parties resided when [the action] was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county."

CPLR 503 (d) further provides that an "individually-owned business shall be deemed a resident of any county in which it has its principal office, as well as the county in which the . . . individual owner suing or being sued actually resides."

We have not opined on whether CPLR 503 (d) applies to a physician who registers for licensure as an individual practitioner. However, lower courts and legal commentators have uniformly applied CPLR 503 (d) to individual medical practitioners (*see Williams v Staten Island Univ. Hosp.*, 179 AD3d 869, 870 [2d Dept 2020]; *Bostick v Safa*, 173 AD3d 823, 824 [2d Dept 2019]; *Young Sun Chung v Kwah*, 122 AD3d 729, 730 [2d Dept 2014]; *DiCicco v Cattani*, 5 AD3d 318, 318 [1st Dept 2004]; *Harrington v Cramer*, 129 Misc 2d 489, 490 [Sup Ct, NY County 1985]; Siegel & Connors, NY Prac § 119 [6th ed 2019] ["Professionals like physicians . . . are deemed an individually owned business . . . because when they offer services to the public, they are 'engaged in business'"] [quoting *Harrington*, 129 Misc 2d at 490]). The Appellate Division followed suit here, analyzing Dr. Goldstein's residence based on his natural person status and his individually owned medical practice. The majority and I agree that, because defendants do not challenge this interpretation of the venue statute, whether Dr. Goldstein falls within the ambit of CPLR 503 (d) is not before us and we should assume its application to him for purposes of this appeal (majority op at 2 n 1). The only question then is whether the Appellate Division properly concluded that defendants failed to carry their burden of establishing that Dr. Goldstein's business residence for venue purposes is Westchester rather than Bronx County.[3] I would answer in the affirmative because defendants failed to establish that under no view of the record could the court find that Dr. Goldstein's principal office is in Bronx County.

---

[3] It is undisputed that no other defendant resides in Bronx County for venue purposes.

## III.

In his affidavit, Dr. Goldstein states that in Bronx County he has a practice at a private medical office and supervises residents at two clinics at a public hospital. However, he asserts that his "principal place of business" is in Westchester County based on the amount of time he spends working for Westmed and the revenues he earns in that county. The Westmed director's affidavit did not elaborate on Dr. Goldstein's practice other than to state that the doctor is a Westmed employee.

Dr. Goldstein's assertions are facially insufficient to satisfy defendants' burden. First, Dr. Goldstein failed to identify his "principal office" and instead averred that his "principal place of business" is Westchester County. The latter phrase is not found in CPLR 503 (d), which sets residency in any county where the individually-owned business has its "principal office" (CPLR 503 [d]). We are bound to apply the clear and express terms of the statute, which here requires identification of his principal office (McKinney's Cons Laws of NY, Book 1, Statutes § 94; *People ex rel. Negron v Supt., Woodbourne Corr. Facility*, 36 NY3d 32, 36 [2020] ["(W)here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning"]; *Kuzmich v 50 Murray St. Acquisition LLC*, 34 NY3d 84, 91-92 [2019]). Dr. Goldstein identified no fewer than six locations where he practices within Bronx and Westchester counties, but he failed to assert which location was his practice's principal office—even while admitting that he practiced at more than one location in Bronx County, including at a hospital supervising residents.

To the extent his affidavit could be understood as asserting that his principal office was one of the Westmed offices based solely on the quantity of his patients and earnings compared to that of any one of his Bronx County offices, he failed to designate which office that would be. He also failed to provide qualitative information about his practice at the respective county offices and hospitals, including whether the time and revenue were recent or historic numbers or averages across a specific number of years. He also failed to account for time not spent seeing patients during which he would necessarily address other aspects of his Bronx practices, including preparing for patient appointments, following up with patients and other doctors, maintaining medical and financial records associated with his practice, how many residents he supervised at the Bronx County hospital clinics, attending department meetings, and whether his work as the Assistant Director of the podiatry residency program—a position of stature and responsibility—required particular attention and qualitatively different effort than his work at his Westchester County places of employment. This information was critical for the court to consider the extent of the Bronx County practice in determining whether that county was an improper venue.

The Westmed director's affidavit failed to address this lack of detail or corroborate Dr. Goldstein's assertions. The director averred only what was undisputed—that Dr. Goldstein was a Westmed employee. Indeed, the director did not, and apparently could not, address the nature of Dr. Goldstein's Bronx practice, other than to disavow any Westmed affiliation with any private office locations maintained by Dr. Goldstein.

Moreover, even assuming for purposes of the venue analysis that revenue is dispositive, the affidavit was inadequate on that score because Dr. Goldstein failed to address his rate of pay from Westmed, a private medical office, as compared with his Bronx practice, which includes service at a public hospital.

The majority's assertion that plaintiff "did not controvert Dr. Goldstein's sworn factual assertions" (majority op at 3) misapplies our law by relieving defendants of their ultimate burden. Defendants' factual assertions must be sufficient regardless of whether plaintiff places them in contention (*see Singh*, 95 AD3d at 793; CPLR 510 [1]). Put another way, even if every sworn factual assertion by Dr. Goldstein is true, those facts must nonetheless establish that his principal office was not in Bronx County but, as defendants argue, in Westchester County.

Even if, as the majority concludes, contrary to the Appellate Division's determination, the affidavit was prima facie sufficient (majority op at 2), plaintiff nevertheless rebutted defendants' claim that her chosen venue was improper. Unlike Dr. Goldstein and Westmed, plaintiff submitted documentation that Dr. Goldstein's license to practice podiatry in New York State is registered to a Bronx business address—the address of the same Bronx hospital where Dr. Goldstein averred he supervised residents. Defendants do not dispute that Dr. Goldstein repeatedly provided this business address on his medical license registration forms. Nor could they dispute that the New York State Education Department Office of the Professions' sample registration form requires that an applicant for licensure provide an address, telephone number, and email, which the

applicant must designate as "business" or "personal," and notifies the applicant that the information so designated will be public as of the time of licensure (New York State Educ Dept, *Office of the Professions: Physician Prerequisites,* https://eservices.nysed.gov/professions/before/060 [last accessed Sept. 9, 2021]).

Defendants are correct that the license application form Dr. Goldstein filled out does not use the term "principal place of business," but neither does CPLR 503 (d). In any case, defendants are incorrect that designation of a Bronx County address as his medical license registration address is irrelevant to the analysis of Dr. Goldstein's principal office for venue purposes. Defendants' argument that this is a mailing address, a view adopted by the majority (majority op at 3), is of no moment because they failed to prove through their motion submissions that Bronx County hospital address is not also Dr. Goldstein's principal office or why Dr. Goldstein chose to receive his professional mail—including official state licensure correspondence—at this office. Notably, this characterization of the registration appears only in counsels' reply; Dr. Goldstein failed to submit an affidavit that his publicly available business address on his license to practice medicine in New York State is only a mailing address where he does not otherwise engage in the practice of podiatric medicine sufficient to treat it as his principal office.[4] To the contrary, the

---

[4] Notably, the Education Commissioner's regulations recognize that a licensee may have more than one office and require the licensee to obtain a registration certificate for each office where they "regularly practice." Dr. Goldstein did not state, and defendants failed to submit other documentation demonstrating, how many—if any—registration certificates were issued to him and whether any were issued for a Westchester County office. In the absence of such information, Dr. Goldstein's choice to register his medical license with a Bronx County address is even more significant.

registration address is also the location of the Bronx County hospital where Dr. Goldstein

supervises residents who attend 150 patients per month at two clinics.

IV.

The Appellate Division held that, like a corporation, defendant should be treated as

having designated his Bronx address as his principal office by listing a Bronx address on

his state license.  The Appellate Division concluded that "the legislature did not intend to

create one workable rule for entities whose 'principal place of business' is that designated

in its filings with the Department of State, and another unwieldy and unworkable rule for

individuals, partnerships, and individually-owned business" (*Lividini*, 175 AD3d at 423).[5]

Although we need not decide whether this is an apt comparison, the analogy has been

recognized by at least one lower court and legal commentators as logical and sensible (*see*

*e.g. Cozby v Oswald,* 2013 NY Slip Op 31363[U] [Sup Ct, NY County 2013]; *see also*

Siegel & Connors, NY Prac § 119 n 7 ["If the particular (individually-owned business) has

filed a certificate with a state office, . . . the office listed in that paper should, by analogy

to (case law) on corporations . . . be deemed its residence. Otherwise, the office that

---

[5] The State's model certificate of incorporation requires an applicant to designate "[t]he county, within this state, in which the office of the corporation is to be located," not a principal place of business (New York State: Dept of State, *Certificate of Incorporation for Domestic Business Corporation: How to File,* https://dos.ny.gov/certificate-incorporation-domestic-business-corporation [last accessed Sept. 8, 2021]; *see also* Business Corporation Law § 1304 [a] [5] [same]). This language is analogous to that found in the state form requiring a licensee to provide an address that they affirmatively indicate is a business address (New York State Educ Dept, *Office of the Professions: Physician Prerequisites,* https://eservices.nysed.gov/professions/before/060 [last accessed Sept. 9, 2021]).

qualifies as the 'principal' one will have to be decided as an issue of fact"]). The Appellate Division noted that this interpretation of the statute reduces the need for venue minitrials (*Lividini*, 175 AD3d at 423). It is obvious that such an approach provides parties and courts with an easy means to determine venue. Although the CPLR does not expressly adopt this rule, it also does not prohibit treating the designation of a particular business address on a license registration as indicative of the individual business owner's principal office. Thus, the Appellate Division's consideration of the registration address as a factor in its analysis was not error.

Given the deficiencies in defendants' motion submissions, particularly Dr. Goldstein's affidavit, I cannot say the Appellate Division erred as a matter of law in denying defendants' motion and cross motion to change venue on the ground that defendants failed to establish that Bronx County is an improper venue for plaintiff's action under the CPLR. Therefore, I would affirm the order of the Appellate Division and answer the certified question in the affirmative.

Order insofar as appealed from reversed, with costs, so much of the order of Supreme Court, Bronx County, as granted the motions for change of venue by defendants Rye Ambulatory Surgery Center, L.L.C. and Westmed Medical Group, P.C. reinstated and certified question answered in the negative, in a memorandum. Chief Judge DiFiore and Judges Garcia, Singas and Cannataro concur. Judge Rivera dissents and votes to affirm and answer the certified question in the affirmative in an opinion, in which Judges Fahey and Wilson concur.

Decided October 14, 2021