■ KENNETH BERMAN, Appellant, v CHARLES S. GUCCIARDO et al., Respondents. [856 NYS2d 161]—

In an action, inter alia, to recover damages for breach of contract and conversion, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated February 9, 2007, which granted the defendants' motion pursu-

ant to CPLR 510 (1) and 511 to change the venue of the action from Queens County to New York County and denied his cross motion to retain venue in Queens County.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion to change the venue of the action from Queens County to New York County on the ground that Queens County was not a proper county in which to place the trial of the action (*see* CPLR 510 [1]). The plaintiff placed the venue of this action in Queens County based on the purported Forest Hills business address of his law practice (*see* CPLR 503 [d]). In support of their motion, the defendants established that this action was not commenced on behalf of or related to the plaintiff's law practice. Thus, the plaintiff could not properly rely upon the provisions of CPLR 503 (d) to place venue in Queens County (*see Friedman v Law*, 60 AD2d 832, 833 [1978]). In support of his cross motion and in opposition to the defendants' motion, the plaintiff failed to establish that any of the parties resided in Queens County.

The plaintiff's arguments challenging the timing of the defendants' motion are unpreserved for appellate review (*see Matter of Cosgriff v Progressive Ins. Co.*, 303 AD2d 680 [2003]; *Lebreton v New York City Tr. Auth.*, 267 AD2d 211, 212 [1999]), and, in any event, rest upon matter dehors the record (*see Roche v Village of Tarrytown*, 309 AD2d 842, 844 [2003]). Accordingly, those arguments have not been considered on the appeal.

The plaintiff's remaining contention is without merit. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.