■ YOUNG SUN CHUNG, Appellant, v HENRY HUNJOO KWAH, M.D., et al., Respondents. [996 NYS2d 153]—

In an action to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jacobsen, J.), dated August 5, 2013, as granted the defendants' separate motions to transfer venue of this action from Kings County to Richmond County, and denied that branch of his cross motion which was to retain venue in Kings County.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions to transfer venue are denied, that branch of the cross motion which was to retain venue is granted, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff placed the venue of this action in Kings County based upon the alleged location of the principal office of the defendant Jung Lack Lee. The defendants separately moved to transfer venue to Richmond County, alleging that none of the parties resided in Kings County, and that Richmond County was

proper because it was the county of the defendant Jung Lack Lee's residence. The plaintiff cross-moved, inter alia, to retain venue in Kings County. The Supreme Court granted the defendants' motions to transfer venue and denied that branch of the plaintiff's cross motion which was to retain venue. The plaintiff appeals.

"In the context of determining the proper venue of an action, a party may have more than one residence" (*Deas v Ahmed*, 120 AD3d 750, 750 [2014]; *see Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20, 28-30 [1984]; *King v Car Rentals, Inc.*, 29 AD3d 205, 210 [2006]). Under CPLR 503 (d), the county of an individual's principal office is a proper venue for claims arising out of that business (*see* CPLR 503 [d]; *Berman v Gucciardo*, 50 AD3d 717 [2008]; *Friedman v Law*, 60 AD2d 832 [1978]; Siegel, NY Prac § 119 at 220 [5th ed 2014]; *see also* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C503:4 at 25). Here, the plaintiff seeks to recover damages for medical malpractice allegedly committed by, among others, the defendant Jung Lack Lee in his capacity as a medical doctor. Accordingly, the county in which that defendant maintains his principal office is a proper venue in this case.

To prevail on a CPLR 510 (1) motion to transfer venue, a defendant bears the burden of demonstrating that the plaintiff's choice of venue was improper on the day the action was commenced, and that the defendant's choice of venue is proper (*see* CPLR 511 [b]; *Deas v Ahmed*, 120 AD3d 750 [2014]; *Chehab v Roitman*, 120 AD3d 736 [2014]; *Gonzalez v Sun Moon Enters. Corp.*, 53 AD3d 526 [2008]). Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper (*see Deas v Ahmed*, 120 AD3d 750 [2014]; *Chehab v Roitman*, 120 AD3d 736 [2014]). Here, the defendants failed to establish that Kings County was improper (*see Dyer v 930 Flushing, LLC*, 118 AD3d 742 [2014]). Accordingly, the Supreme Court should have denied the defendants' motions to transfer venue and granted that branch of the plaintiff's cross motion which was to retain venue in Kings County.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.