Bostick v Safa (2019 NY Slip Op 04673)





Bostick v Safa


2019 NY Slip Op 04673


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-06233
 (Index No. 515924/17)

[*1]Steven Bostick, etc., respondent,
v
Toufic K. Safa, etc., et al., appellants, et al., defendants.


Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Thomas Kroczynski of counsel), for appellants Toufic K. Sava and AAA Vascular Care, PLLC, and Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott Christesen of counsel), for appellant Brookhaven Memorial Hospital Medical Center (one brief filed).
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Toufic K. Safa and AAA Vascular Care, PLLC, appeal, and the defendant Brookhaven Memorial Hospital Medical Center separately appeals, from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated April 17, 2018. The order denied the motions of the defendants Toufic K. Safa and AAA Vascular Care, PLLC, and the separate motion of the defendant Brookhaven Memorial Hospital Medical Center, which were to change the venue of the action from Kings County to Suffolk County.
ORDERED that the order is affirmed, with costs.
In 2017, the plaintiff, individually and as administrator of his wife's estate, commenced this action in the Supreme Court, Kings County, inter alia, against the defendants to recover damages for medical malpractice and wrongful death. The plaintiff's basis of venue was the place of business of the defendant Rahman Ilkhanizadeh. The defendants Toufic K. Safa and AAA Vascular Care, PLLC (hereinafter together the Safa defendants), moved pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Suffolk County, and the defendant Brookhaven Memorial Hospital Medical Center (hereinafter Brookhaven) separately moved for the same relief. The Supreme Court denied both motions. The Safa defendants appeal, and Brookhaven separately appeals.
"The court, upon motion, may change the place of trial of an action where . . . the county designated for that purpose is not a proper county" (CPLR 510[1]). To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (see Pinos v Clinton Cafe & Deli, Inc., 139 AD3d 1034, 1035). Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper (see Young Sun Chung v Kwah, 122 AD3d 729, 730).
"Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced" (CPLR 503[a]). In the context of determining the proper venue of an action, a party may have more than one residence (see Young Sun Chung v Kwah, 122 AD3d at 730). "A partnership or an individually-owned business shall be deemed a resident of any county in which it has its principal office, as well as the county in which the partner or individual owner suing or being sued actually resides" (CPLR 503[d]). "Under CPLR 503(d), the county of an individual's principal office is a proper venue for claims arising out of that business" (Young Sun Chung v Kwah, 122 AD3d at 730; see Castro-Recio v Rottenberg, 287 AD2d 532, 532; Shanahan v Klinginstein, 280 AD2d 464, 464; Siegel, NY Prac § 119 [6th ed 2018]).
Here, the plaintiff seeks, inter alia, to recover damages for medical malpractice allegedly committed by Ilkhanizadeh in his capacity as a medical doctor. Accordingly, the county in which Ilkhanizadeh maintains his "principal office is a proper venue in this case" (Young Sun Chung v Kwah, 122 AD3d at 730; see CPLR 503[a], [d]; Castro-Recio v Rottenberg, 287 AD2d at 532; Shanahan v Klinginstein, 280 AD2d at 464; Siegel, NY Prac § 119 [6th ed 2018]). The moving defendants did not dispute that Ilkhanizadeh's principal office was located in Kings County; rather, they submitted evidence that Ilkhanizadeh's home address was not in Kings County. This was insufficient to establish that the plaintiff's choice of venue was improper (see Pinos v Clinton Cafe & Deli, Inc., 139 AD3d at 1035; Young Sun Chung v Kwah, 122 AD3d at 730). Accordingly, we agree with the Supreme Court's determination to deny both motions to change venue.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court