Lividini v Goldstein (2019 NY Slip Op 06150)





Lividini v Goldstein


2019 NY Slip Op 06150


Decided on August 20, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9214N

[*1] Racquel Lividini, 20675/18E Plaintiff-Appellant,
v
Harold L. Goldstein, D.P.M., et al., Defendants-Respondents.


Golomb & Longo, PLLC, New York (Frank A. Longo of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Jennie M. Lundman of counsel), for Harold L. Goldstein, D.P.M., respondent.
Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for Vinai Prakash, D.P.M., respondent.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Daryl Paxson of counsel), for Rye Ambulatory Surgery Center, L.L.C. and Westmed Medical Group, P.C., respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered July 26, 2018, which granted the motions of defendants Harold L. Goldstein D.P.M. (Dr. Goldstein), Rye Ambulatory Surgery Center, LLC (Rye) and Westmed Medical Group, P.C. (WestMed), and the cross motion of defendant Vinai Prakash, D.P.M. to change the venue from Bronx County to Westchester County, reversed, on the law, without costs, and the motions and cross motion denied.
Defendant Dr. Goldstein failed to show that plaintiff's designation of Bronx as the venue at the commencement of the action was improper. It is a defendant's burden to show that venue was improperly placed, and not a plaintiff's, as the dissent appears to suggest. Plaintiff relied on documentary evidence to establish residency; Dr. Goldstein did not dispute this evidence, did not submit documentary evidence, and indeed admitted in his own affidavit that he maintains a regular practice in the Bronx.
Plaintiff commenced this medical malpractice action in Bronx County, alleging that defendants were negligent in rendering podiatric care and treatment to her between April and September 2016. Defendants moved and cross-moved to transfer venue to Westchester County. WestMed and Rye submitted an affidavit of their medical director averring that Dr. Goldstein was one of their employees in Westchester. Dr. Goldstein submitted an affidavit averring that he had offices in Bronx County and Westchester County. He indicated that Westchester County was where his principal place of business was located because that was where he spent the majority of his time. However, he also averred that he maintained privileges at St. Barnabas Hospital and supervised podiatric residents at two St. Barnabas Hospital clinics where approximately 150 patients per month were seen. He averred that in addition he saw approximately 20-25 patients per week at a Bronx Park Medical pavilion located at 2016 Bronxdale Avenue in the Bronx.
To prevail on a motion to change venue, the movant bears the burden of demonstrating that plaintiff's choice of venue was improper and that a defendant's choice of venue is proper (see CPLR 510[1]; 511[b]). The dissent appears to assume that the burden rests with plaintiff; however, such is not the case. Defendants move pursuant to CPLR 510(1), which requires an affirmative showing by the movant, i.e., defendants, that plaintiff's choice of venue was improper. Then, and only then, is a court empowered to pass upon the propriety of the choice of venue proposed by the defendant.
Plaintiff is suing not only Westmed Medical Group, P.C. and Rye Ambulatory Surgery Center, LLC, but Dr. Goldstein individually. Since Dr. Goldstein is a party to the lawsuit, venue is proper in the county where he may be said to reside. CPLR 503(a) provides that the place of trial "shall be in the county in which one of the parties resided when it was commenced," and, insofar as relevant here, "[a] party resident in more than one county shall be deemed a resident of each such county" (id.). Dr. Goldstein may also be viewed as an individually-owned business, and thus a resident of any county in which he has a principal office (CPLR 503[d]). Thus, an individually-owned business, much as a partnership, may be deemed a resident of the county where it has its principal office, as well as any county in which the individual owner being sued resides (see 2 NY Prac Comm Litig in NYS Courts, § 3:9 [4th ed 2015]). Siegel notes that the "principal office" county is an alternative; venue may still be based on the residence of natural-born parties (see Siegel, NY Prac § 119, at 250 [6th ed 2018]).[FN1]
Applying these principles, Dr. Goldstein's affidavit, attesting to residency in Westchester County but devoid of supporting documentation of residency, was insufficient to prove that plaintiff's designation of Bronx County as venue was improper (see Singh v Empire Intl., Ltd., 95 AD3d 793 [1st Dept 2012]; Fix v B & B Mall Assoc., Inc., 118 AD3d 477 [1st Dept 2014]; Broderick v R.Y. Mgt. Co., Inc., 13 AD3d 197 [1st Dept 2004] [averment without documentary evidence insufficient to satisfy the defendants' burden, particularly where the plaintiff submitted evidence showing that the defendants maintained offices at two Bronx locations]). Notably, while defendants WestMed and Rye Ambulatory Surgery Center LLC submitted official documentation from the NYS Division of Corporations to establish residency, Dr. Goldstein did not.
Even assuming that defendants met their initial burden, we find that the motion court erred in finding that plaintiff's documentary evidence was insufficient to show that Goldstein had designated his Bronx address as his principal office. Contrary to defendants' arguments, a party's designation of its own place of business can be considered when determining a defendant's principal place of business (see Fix, 118 AD3d at 478 [in opposition to motion to change venue, plaintiff submitted documentary evidence that office in Bronx County was the defendant's principal place of business]; accord Young Sun Chung v Kwah, 122 AD3d 729, 730 [2d Dept 2014] [the evidence the plaintiff submitted in opposition included the defendant's business letterhead, an internet search of the defendant's public profile, and his licensure information]). Here, plaintiff sufficiently rebutted defendants' proof by submitting Dr. Goldstein's New York State Education Department (NYSED) physician license registration (see Education Law § 6501-b [application with the NYSED must be certified or sworn as true]).
Dr. Goldstein's registered and up-to-date physician license with NYSED lists only a Bronx address. Plaintiff correctly points out that Education Law § 6502(5) requires that a licensee notify the NYSED of any change of address within 30 days of such change. Further, Goldstein confirms that information to be accurate, which shows that plaintiff was correct that Goldstein had designated Bronx County as his principal office (see Young Sun Chung, 122 AD3d at 730; Fix, 118 AD3d at 478). The dissent attempts to minimize such proof — a printout of Goldstein's license registration listing an address in the Bronx as well as an official letter from NYSED indicating an address at St. Barnabas Hospital in the Bronx — by asserting that "the only document submitted by plaintiff is a statutory requirement [sic] that Goldstein provide a mailing address to obtain a license to practice podiatry."
The rule articulated by the dissent would require a minitrial on venue questions. Certainly, the Legislature did not intend to create one workable rule for entities whose "principal place of business" is that designated in its filings with the Department of State, and another unwieldy and unworkable rule for individuals, partnerships, and individually-owned businesses. Dr. Goldstein, by his own admission, maintains a regular practice in the Bronx and listed the Bronx as his place of business in his license registration. The dissent in effect sits as factfinder in disregarding this proof and supplanting it with its own determination that the Bronx is not his principal place of business. This is a determination it is not our province to make, all the more so since Dr. Goldstein was individually named, obviating such questions.
Alternatively, in seeking a change of venue to Westchester County for the convenience of material witnesses under CPLR 510(3), defendants' initial moving papers were deficient in not setting forth the identity of nonparty witnesses who would be willing to testify, the nature and materiality of their anticipated testimony, and the manner in which they would be inconvenienced by a trial in New York County (see Job v Subaru Leasing Corp., 30 AD3d 159 [1st Dept 2006]; Leopold v Goldstein, 283 AD2d 319, 320 [1st Dept 2001]). Defendants only provided a mere general statement that a witness would be inconvenienced because the medical services were rendered in Westchester County. We reject defendants' argument that an assumption can be made as to whether a change of venue is proper because it would serve the convenience of material witnesses. We find that defendants failed to meet their burden that the distance from Westchester to Bronx County would inconvenience the unidentified witnesses (see Timan v Sayegh, 49 AD3d 274, 274-275 [1st Dept 2008]).
We have considered defendants' remaining contentions and find them unavailing.
All concur except Friedman, J.P. and Singh, J. who dissent in a memorandum by Singh, J. as follows:




Singh, J. (dissenting)


I dissent and would affirm, as Supreme Court providently exercised its discretion in granting defendants' motion to transfer this action from Bronx County to Westchester County. Plaintiff and defendants reside in Westchester County, the alleged medical malpractice occurred in Westchester County and the individual defendants are sued based on their actions as employees of corporations having their principal place of business in Westchester County.
Plaintiff commenced this medical malpractice action against defendants Harold Goldstein DPM, Vinai Prakash DPM, Rye Ambulatory Surgery Center, LLC (Rye) and WestMed Medical Group PC (WestMed) in Bronx County. Plaintiff's complaint states that the alleged malpractice arose from medical services rendered by the individual defendants as "agent, servant and/or employee of" the corporate defendants WestMed and/or Rye in Westchester County.
Plaintiff, a resident of Westchester County, designated venue in Bronx County on the basis of the "defendants' principal place of business." Goldstein moved to change venue to Westchester County under CPLR 503, 510 and 511, arguing that venue was improper in Bronx County. Plaintiff opposed.
Supreme Court granted defendants' motion to transfer the action to Westchester County. The court observed that while the summons alleged that venue was based on "defendants' principal place of business," Goldstein's affidavit sufficiently established that plaintiff's choice of venue was improper as the evidence demonstrated that while Goldstein was affiliated with St. Barnabas Hospital in Bronx County, his principal place of business was Westchester County.
As an initial matter, a decision to transfer venue lies within the discretion of a trial court and should not be disturbed absent a showing that such discretion has been abused or improvidently exercised (see Paddock Constr. v Thomason Indus. Corp., 133 AD2d 20 [1st Dept 1987]; Vered v Wittenberg, 138 AD3d 646 [1st Dept 2016]).
The majority argues that venue is properly designated in Bronx County pursuant to CPLR 503(a). I disagree. CPLR 503(a) cannot provide the basis for designating Bronx County as venue as even plaintiff does not dispute that none of the parties reside in Bronx County. [*2]Goldstein is a resident of Westchester County. Moreover, the alleged malpractice at issue occurred in Westchester County where WestMed and Rye have their principal places of business.
Relying on Young Sun Chung v Kwah (122 AD3d 729, 730 [2d Dept 2014]), the majority contends that venue is properly placed in Bronx County because CPLR 503(a) provides that "[a] party resident in more than one county shall be deemed a resident of each such county" and that as an individually-owned business, Goldstein is "a resident of any county in which he has a principal office."
This argument appears to conflate residence and principal place of business. In Young Sun Chung, the Second Department found that "[u]nder CPLR 503(d), the county of an individual's principal office is a proper venue for claims arising out of that business" (122 AD3d at 730). In support of this principle, the Second Department cites to Professor Siegel, who explains that "[p]rofessionals like physicians and lawyers are deemed an individually owned business under [CPLR 503(d)], because when they offer services to the public they are engaged in a business" (Siegel, NY Prac § 119 at 250 [6th ed 2018]).
Here, the record contains no evidence that Goldstein has his individual residence in Bronx County. Rather, on this record, it is uncontroverted that Goldstein resides in Westchester County, and plaintiff expressly states in her complaint that Goldstein is sued for his conduct in Westchester County as "an agent, servant and/or employee of" the corporate defendants WestMed and Rye, both of which have their principal places of business in Westchester County. Further, there is no indication in the record that Goldstein is being sued as an individually-owned business, nor is there any evidence in the record that, if Goldstein owns such a business, any such business has its principal place of business in Bronx County.
Plaintiff's argument that Bronx County is a proper venue because Goldstein listed a Bronx County address on his license registration filing with the New York State Education Department is without merit. Education Law article 130 regulates the admission and practice of certain professions, including medicine. Section 6502 governs the duration and registration of licenses. Section 6502(5) requires a licensee to notify the department of "any change of name or mailing address." Notably, the statute does not mention a licensee's principal place of business or even a place of business. The majority does not cite case law that supports this position. Merely listing a mailing address with a regulatory agency in order to obtain a license to practice medicine in New York is not proof of a licensee's principal place of business.
The case law cited by the majority is distinguishable. In those cases, plaintiff sufficiently rebutted defendants' proof by submitting probative documents (see Singh v Empire Intl. Ltd., 95 AD3d 793 [1st Dept 2012] [police report showed that all parties had addresses outside of New York state for a CPLR 503(a) claim]; Fix v B & B Mall Assoc., Inc, 118 AD3d 477 [1st Dept 2014] [Department of State records established that defendant designated Bronx County as its principal place of business]; Broderick v R.Y. Mg. Co., Inc., 13 AD3d 197 [1st Dept 2004] [documentary evidence adduced by plaintiff that defendants maintained two offices in the Bronx]).
Here, in contrast, the only document submitted by plaintiff is a letter from the New York State Education Department confirming that Goldstein holds a license to practice podiatry and that the address the agency has on file for him is at St. Barnabas Hospital in the Bronx. Notably, the letter does not state that Bronx County is Goldstein's principal place of business.
Nor do I agree with the majority's contention that our decision in DiCicco v Cattani (5 AD3d 318 [1st Dept 2004]) was wrongly decided. In DiCicco, we did not discuss the burden of proof. Rather, we found that the defendant's affidavit sufficiently demonstrated that his principal office was located in Staten Island where the alleged malpractice occurred despite the New York State Directory of Physicians providing a Manhattan address for him (see also Kielczewski v Pinnacle Restoration Corp., 226 AD2d 211 [1st Dept 1996][although defendant general partnership's business certificate lists its office "c/o" a Bronx County address, Supreme Court properly considered the affidavits of the general partners that the partnership's principal office has always been in New Jersey or Westchester County, in finding that none of the parties reside in Bronx County]).
Similarly, here, Goldstein's affidavit establishes that his principal place of business is Westchester County. He derives 75% of his income in Westchester County. The bulk of his practice is in Westchester County where he sees approximately 350-400 patients at WestMed. He spends 1-2 days a week in Bronx County at St. Barnabas supervising podiatry residents and sees approximately 20-25 patients at Bronx Park Pavilion. These factual statements are undisputed.
Finally, I note that Bronx County has no nexus with this dispute and does not qualify as proper venue (see Koschak v Gates Constr. Corp., 225 AD2d 315, 316 [1st Dept 1996] [It does not advance the integrity of the judicial process to permit a party to obtain what is perceived to be an advantageous forum by rank manipulation of the rules for setting venue or forum shop]).
In sum, Supreme Court properly found that defendants met their burden of proving that Bronx County was an improper venue.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 20, 2019
DEPUTY CLERK



Footnotes

Footnote 1:DiCicco v Cattani (5 AD3d 318 [1st Dept 2004]), relied on by the dissent, appears to rest on the erroneous presumption that it was incumbent on the plaintiff to refute the defendant's assertions that his principal office was in Richmond County such that venue was properly laid there. In any event, the plaintiff in that case relied on websites listing the location of the defendant's offices, not official filings, to refute the defendant's showing and establish residency elsewhere.