Williams v Staten Is. Univ. Hosp. (2020 NY Slip Op 00322)





Williams v Staten Is. Univ. Hosp.


2020 NY Slip Op 00322


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-10172
 (Index No. 2935/11)

[*1]Patrick Williams, etc., appellant, 
v
Staten Island University Hospital, et al., defendants, Ralph Ciccone, etc., respondent.


G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Amabile & Erman, P.C., Staten Island, NY (Shari D. Steinfeld of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated June 11, 2018. The order granted the motion of the defendant Ralph Ciccone to change the venue of the action from Kings County to Richmond County.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Ralph Ciccone to change the venue of the action from Kings County to Richmond County is denied, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
In February 2011, the plaintiff, individually and as administrator of his wife's estate, commenced this action in the Supreme Court, Kings County, against more than 112 defendants, inter alia, to recover damages for medical malpractice and wrongful death. The plaintiff's basis of venue was the defendants' residences. After numerous court conferences, the complaint was dismissed insofar as asserted against all but 6 of the defendants. Thereafter, the defendant Ralph Ciccone (hereinafter the defendant) moved pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Kings County to Richmond County on the ground that the defendants whose presence supported venue in Kings County were no longer parties to the action and pursuant to CPLR 510(3) and 511(a) based on the convenience of material witnesses. The Supreme Court granted the motion. The plaintiff appeals.
"The court, upon motion, may change the place of trial of an action where . . . the county designated for that purpose is not a proper county" (CPLR 510[1]). To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper (see Pomerantsev v Kodinsky, 156 AD3d 655, 656; Kidd v 22-11 Realty, LLC, 142 AD3d 488, 489; Deas v Ahmed, 120 AD3d 750, 750). Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper (see Marrero v Mamkin, 170 AD3d 1159, 1160; Young Sun Chung [*2]v Kwah, 122 AD3d 729, 730). Here, in support of that branch of his motion which was pursuant to CPLR 510(1) and 511(a) to change the venue of the action from Kings County to Richmond County, the defendant failed to demonstrate that venue was improperly placed in Kings County based on the location of the office of the defendant Frank Tarantini and that none of the individual defendants lived in Kings County (see CPLR 503[a], [d]; Bostick v Safa, 173 AD3d 823, 825; Young Sun Chung v Kwah, 122 AD3d at 730; Deas v Ahmed, 120 AD3d 750). Since the defendant failed to meet his initial burden, the Supreme Court should have denied that branch of his motion which was pursuant to CPLR 510(1) and 511(a).
The Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 510(3) and 511(a), since the defendant failed to meet the criteria for a change of venue based on the convenience of material witnesses (see O'Brien v Vassar Bros. Hosp., 207 AD2d 169, 172-173).
The defendant's contention that the appeal should be dismissed because the plaintiff did not assemble a complete record on appeal in compliance with CPLR 5526 is without merit.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court