Harvard Steel Sales, LLC v Bain (2020 NY Slip Op 05635)





Harvard Steel Sales, LLC v Bain


2020 NY Slip Op 05635


Decided on October 9, 2020


Appellate Division, Fourth Department


Troutman, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


551 CA 19-01148

[*1]HARVARD STEEL SALES, LLC, PLAINTIFF-APPELLANT,
v
DANIEL BAIN, DEFENDANT-RESPONDENT. 






GARVEY LAW, P.C., BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (ANTHONY M. KROESE OF COUNSEL), FOR DEFENDANT-RESPONDENT.


Troutman
 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 13, 2019. The order granted defendant's motion to change the place of trial. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Opinion by Troutman, J.:
Plaintiff commenced this action in Erie County seeking damages for a fraud allegedly perpetrated by defendant, who thereafter moved pursuant to CPLR 510 (1) to change the place of trial to New York County. We reject plaintiff's contention that Supreme Court abused its discretion in granting the motion. Accordingly, we affirm.
I
Plaintiff is a company based in Cleveland, Ohio, that purchases steel, has it galvanized, and resells it. Galvanization involves applying a protective zinc coating to steel. On May 3, 2013, plaintiff entered into an agreement with Galvstar, LLC, a company that operated a steel galvanizing plant in the City of Buffalo, Erie County. Galvstar's sole member is defendant, who is a resident of New York County. Pursuant to the agreement, Galvstar agreed to galvanize plaintiff's steel at its Buffalo plant.
Plaintiff's complaint asserts a single cause of action sounding in fraud, alleging that defendant fraudulently induced plaintiff to enter into the agreement through certain misrepresentations and omissions. More particularly, on or about November 7, 2012, defendant met in person with plaintiff's sole member, Jeremy Jacobs, and falsely told him that Galvstar had the ability to galvanize ".018 x 60 wide steel" and to consistently produce "prime" quality galvanized steel. Those allegedly false representations were made for the purpose of inducing plaintiff to enter into the agreement. In addition, defendant allegedly concealed Galvstar's perilous financial condition. Based upon those misrepresentations and omissions, plaintiff entered into the agreement, bought steel, and subsequently shipped the steel to Galvstar, which processed it using deficient processes, thereby devaluing the steel.
Defendant moved pursuant to CPLR 510 (1) to change the place of trial to New York County on the ground that Erie County was not a proper county. In support of the motion, defendant submitted his own affidavit in which he averred that the November 7, 2012 meeting mentioned in the complaint, at which defendant made the allegedly false statements to Jacobs, took place not in New York State, but in Cleveland, Ohio. Thus, defendant contended that, because he is the only party who resides within New York State, venue is proper under CPLR [*2]503 (a) only in the county in which he resides, i.e., New York County. In opposition to the motion, plaintiff submitted the affidavit of Jacobs, who averred that he met with defendant in Buffalo "multiple times" during "the relevant time period (late 2012 through mid-2013)," that defendant "misrepresented that Galvstar could consistently produce 'prime' quality galvanzied steel from its Buffalo facility," and that Galvstar subsequently devalued plaintiff's steel at its Buffalo facility. Plaintiff contended, moreover, that venue was proper in Erie County because a majority of the material witnesses resided therein. In further support of the motion, defendant submitted a reply affidavit in which he averred that any meetings that took place between himself and Jacobs in Erie County occurred after the agreement was executed, and thus had no bearing on the occurrence of the alleged fraud.
II
The decision whether to grant a change of venue is committed to the sound discretion of the trial court, and will not be disturbed absent a clear abuse of discretion (see Cellino & Barnes, P.C. v Law Off. of Christopher J. Cassar, P.C., 140 AD3d 1732, 1735 [4th Dept 2016]). Three grounds are available for a change of venue: (1) "the county designated for that purpose is not a proper county"; (2) "there is reason to believe that an impartial trial cannot be had in the proper county"; or (3) "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510). " 'To effect a change of venue pursuant to CPLR 510 (1), a defendant must show both that the plaintiff's choice of venue is improper and that its choice of venue is proper' " (Matter of Zelazny Family Enters., LLC v Town of Shelby, 180 AD3d 45, 47 [4th Dept 2019]; see Marrero v Mamkin, 170 AD3d 1159, 1160 [2d Dept 2019]). Venue is proper in the first instance in a county where one of the parties resides, a county where "a substantial part of the events or omissions giving rise to the claim occurred," or, if none of the parties resides in the state, any county designated by the plaintiff (CPLR 503 [a]).
Here, New York County is indisputably a proper county based upon defendant's residence therein (see CPLR 503 [a]). Because none of the parties resides in Erie County, the sole question before the trial court was whether "a substantial part of the events or omissions giving rise to the claim occurred" in Erie County (id.). We note that plaintiff did not cross-move to retain venue in Erie County pursuant to CPLR 510 (3), and thus its averments and arguments related to the convenience of material witnesses are irrelevant (see Hoskins v Kung, 237 AD2d 988, 989 [4th Dept 1997]; Bauer v Facilities Dev. Corp., 210 AD2d 992, 992-993 [4th Dept 1994]).
The legislature only recently added a provision to CPLR 503 (a) that allows venue based on the location of the events underlying the claim (see L 2017, ch 366), but the Federal Rules of Civil Procedure contain an identical provision (see 28 USC § 1391 [b] [2]), doubtless the model for the amended language in CPLR 503 (a). In determining whether venue is proper under that provision, the Second Circuit applies a two-part inquiry. First, the court must "identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims" (Daniel v American Bd. of Emergency Medicine, 428 F3d 408, 432 [2d Cir 2005]; see Gulf Ins. Co. v Glasbrenner, 417 F3d 353, 357 [2d Cir 2005]). Second, the court must "determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether 'significant events or omissions material to [those] claim[s] . . . have occurred in the district in question' " (Daniel, 428 F3d at 432). In a fraud claim, the act giving rise to the claim is the alleged making of the fraudulent statement (see generally PJI 3:20). Consistent with that, federal courts have found venue to be proper based upon "where the defendant allegedly made the fraudulent statements" (Borumand v Assar, 192 F Supp 2d 45, 52 [WD NY 2001]; see Trois v Apple Tree Auction Ctr., Inc., 882 F3d 485, 493 [5th Cir 2018]; Nabong v Paddayuman, 289 F Supp 3d 131, 136 [D DC 2018]; Siegel v Ford, 2017 WL 4119654, *7 [SD NY, Sept. 15, 2017, No. 16-CV-8077 (JPO)]; PI, Inc. v Quality Products, Inc., 907 F Supp 752, 762 [SD NY 1995]).
The question thus becomes whether defendant made fraudulent statements in Erie County that materially contributed to plaintiff's decision to enter into the agreement (see generally Daniel, 428 F3d at 432). Defendant showed in the first instance that the critical misrepresentations attributed to him on November 7, 2012 were actually made in Cleveland, Ohio—a fact that plaintiff does not dispute. Plaintiff, in opposition, failed to show that material, fraudulent statements were made in Erie County. Plaintiff's affidavit does not attribute specific [*3]false statements to defendant, other than that defendant "misrepresented that Galvstar could consistently produce 'prime' quality galvanized steel from its Buffalo facility." That averment is ambiguous, however. The "Buffalo facility" may refer to the place where defendant was when he made the allegedly false statements or to the place where the steel was to be produced. Without unambiguous allegations of specific false statements made by defendant in Erie County that contributed to plaintiff's decision to enter into the agreement, we cannot conclude that the court abused its discretion in granting defendant's motion to change the place of trial to New York County.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court