Aldridge v Governing Body of Jehovah's Witnesses (2022 NY Slip Op 02733)

Aldridge v Governing Body of Jehovah's Witnesses

2022 NY Slip Op 02733

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.

1117 CA 21-00490

[*1]KIMBERLEY ALDRIDGE, PLAINTIFF-RESPONDENT,
v
GOVERNING BODY OF JEHOVAH'S WITNESSES, ET AL., DEFENDANTS, AND WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., DEFENDANT-APPELLANT. 

K & L GATES LLP, NEW YORK CITY (DANA PARKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE ZALKIN LAW FIRM, NEW YORK CITY (ELIZABETH A. CATE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Deborah A. Chimes, J.), entered April 1, 2021. The order denied the motion of defendant Watchtower Bible and Tract Society of New York, Inc. to change the place of trial from Kings County to Monroe County. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced the instant action in Kings County pursuant to the Child Victims Act (see CPLR 214-g), alleging that she was sexually abused while in the care of an elder in defendant Henrietta Congregation of Jehovah's Witnesses, which has a principal place of business in Monroe County. Defendant Watchtower Bible and Tract Society of New York, Inc. (Watchtower), a not-for-profit organization allegedly involved in the oversight of congregations located within the United States, filed a motion in Monroe County Supreme Court for a change in venue to that county pursuant to CPLR 510 (1). The court denied the motion and Watchtower appeals. We affirm.
"The decision whether to grant a change of venue [pursuant to CPLR 510 (1)] is committed to the sound discretion of the trial court, and will not be disturbed absent a clear abuse of discretion" (Robert Owen Lehman Found., Inc. v Israelitische Kultusgemeinde Wien, 197 AD3d 865, 867 [4th Dept 2021] [internal quotation marks omitted]; see Harvard Steel Sales, LLC v Bain, 188 AD3d 79, 81 [4th Dept 2020]). Under the CPLR, "the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff" (CPLR 503 [a]). "The court, upon motion, may change the place of trial of an action where . . . the county designated for that purpose is not a proper county" (CPLR 510 [1]). "To effect a change of venue pursuant to CPLR 510 (1), a defendant must show both that the plaintiff's choice of venue is improper and that its choice of venue is proper" (Matter of Zelazny Family Enters., LLC v Town of Shelby, 180 AD3d 45, 47 [4th Dept 2019] [internal quotation marks omitted]). "Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper" (Young Sun Chung v Kwah, 122 AD3d 729, 730 [2d Dept 2014]).
Here, although Watchtower established that the summons erroneously states that Watchtower's principal place of business was in Kings County, venue in Kings County is proper because plaintiff's amended complaint alleges that Watchtower engaged in "significant events or omissions material to . . . plaintiff's claim [against Watchtower]" in Kings County, despite the fact that "other material events," including the alleged sexual abuse, "occurred elsewhere" (Gulf [*2]Ins. Co. v Glasbrenner, 417 F3d 353, 357 [2d Cir 2005]; see generally Harvard Steel Sales, LLC, 188 AD3d at 82). Having failed to establish that plaintiff's original choice of venue was improper, the burden never shifted to plaintiff "to establish, in opposition, that the venue selected was proper" (Young Sun Chung, 122 AD3d at 730).
To the extent that the court's failure to address any request from Watchtower for sanctions against plaintiff's counsel could be deemed a denial of such a request (see East Aurora Coop. Mkt., Inc. v Red Brick Plaza LLC, 197 AD3d 874, 878 [4th Dept 2021]), that denial was not an abuse of discretion (see Matter of Fischione v PM Peppermint, Inc., 197 AD3d 970, 971 [4th Dept 2021]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court