Beli v Lacqua (2023 NY Slip Op 00200)

Beli v Lacqua

2023 NY Slip Op 00200

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-01235
 (Index No. 510193/20)

[*1]Tammy Beli, respondent,
v
Michael J. Lacqua, etc., appellant.

Amabile & Erman, P.C., Staten Island, NY (Charles A. Franchini of counsel), for appellant.
Leitner Varughese Warywoda PLLC, Melville, NY (Nicholas Warywoda of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 11, 2021. The order denied the defendant's motion pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Richmond County.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against the defendant physician in Kings County. Thereafter, the defendant served a demand for a change of venue, and subsequently moved pursuant to CPLR 510(1) and 511 to change venue to Richmond County, asserting that neither party resided in Kings County and none of the acts or omissions alleged in the complaint occurred in Kings County. The Supreme Court denied the motion, and the defendant appeals.
"To prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Williams v Staten Is. Univ. Hosp., 179 AD3d 869, 870; see Pomerantsev v Kodinsky, 156 AD3d 655, 656; Deas v Ahmed, 120 AD3d 750, 750). Here, in support of his motion, the defendant "was obligated to demonstrate that, on the date that this action was commenced, neither of the parties resided in" Kings County (Chehab v Roitman, 120 AD3d 736, 737). For purposes of determining the proper venue of an action, "a party may have more than one residence" (Bostick v Safa, 173 AD3d 823, 824; see CPLR 503(a); Young Sun Chung v Kwah, 122 AD3d 729, 730), and under CPLR 503(d), "'the county of an individual's principal office is a proper venue for claims arising out of that business'" (Bostick v Safa, 173 AD3d at 824, quoting Young Sun Chung v Kwah, 122 AD3d at 730).
The affidavit submitted by the defendant in support of his motion, in which he asserted in a conclusory manner that the office he maintained in Kings County was not his principal office, was insufficient to demonstrate that Kings County was an improper venue for trial (see Joseph v Kaufman, 188 AD3d 847, 848; Gonzalez v Weiss, 38 AD3d 492, 493). While the defendant [*2]subsequently provided a more detailed affidavit, that affidavit was not properly before the Supreme Court and, thus, could not satisfy the defendant's burden on the motion, as it was submitted for the first time with the defendant's reply papers (see Joseph v Kaufman, 188 AD3d at 848; Dyer v 930 Flushing, LLC, 118 AD3d 742, 743; Gonzalez v Sun Moon Enters. Corp., 53 AD3d 526, 526-527).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Richmond County.
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court