Patel v Singh (2025 NY Slip Op 50912(U))

[*1]

Patel v Singh

2025 NY Slip Op 50912(U)

Decided on June 4, 2025

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2025
Supreme Court, Kings County

Saurin Patel and Pooja Vyas, Plaintiffs,

against
Ravi Singh, M.D., SWAPNIL SHEYTE, M.D., BROOKHAVEN GASTROENTEROLOGY ASSOCIATES, P.C. and GREAT SOUTH BAY ENDOSCOPY CENTER, L.L.C., Defendants.

Index No. 506990/2025

Plaintiffs
Victoria Wickman, Esq. (vwickman&commat;wickmanmedlaw.com)
Law Office of Victoria Wickman
40 Exchange Place, Suite 500
New York, NY 10005
212-374-9161
Defendants Ravi Singh, M.D. and Brookhaven Gastroenterology Associates, P.C.
Thomas Joseph Kroczynski, Esq. (tkroczynski&commat;sacslaw.com)
Shaub, Ahmuty, Citrin & Spratt, LLP
1983 Marcus Ave
Lake Success, NY 11042
516-488-3300
Defendant Swapnil Sheyte, M.D.
Ann Debra Schattner, Esq. (aschattner&commat;110-law.com)
Fumuso Christesen LLP
110 Marcus Blvd, Ste 500
Hauppauge, NY 11788-3747
631-232-0200
Defendant Great South Bay Endoscopy Center, LLC
Magda Demoya Coyle, Esq. (mcoyle&commat;hallboothsmith.com)
Hall Booth Smith, P.C.
840 Franklin Avenue Garden City, NY 11530
516-747-4082

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: Seq. 1: 11 — 12, 14 — 15, 18, 29 — 30, 32 — 33, 47 — 52, 70 — 73
Seq. 2: 35 — 37, 53 — 58, 69
Seq. 3: 39 — 41, 42 — 46, 59 — 64, 65 — 68
Defendant Great South Bay Endoscopy Center, LLC ("Great South Bay Endoscopy") moves (Seq. No. 1) for an Order, pursuant to CPLR 503, 510, and 511, to transfer the venue of this action from Kings County to Suffolk County.
Defendants Ravi Singh, M.D. ("Dr. Singh") and Brookhaven Gastroenterology Associates, P.C. ("Brookhaven Gastroenterology") move (Seq. No. 2) for an Order, pursuant to CPLR 510 (1) and 511 (b), seeking the same relief.
Defendant Swapnil Shetye, M.D. ("Dr. Shetye"), sued herein as Swapnil Sheyte, M.D., moves (Seq. No. 3) for an Order, pursuant to CPLR 503 (a), 510, and 511, seeking the same relief.
Plaintiffs oppose all three motions.
The Court notes that the movant Dr. Shetye did not appear at oral argument on May 14, 2025, and all other counsel appeared. However, as all three motions address the same substantive issue, the Court will consider all papers in support and opposition of the motions herein.
Plaintiffs commenced this action on February 28, 2025, asserting claims of medical malpractice and loss of services against Dr. Singh (gastroenterologist), Dr. Shetye (anesthesiologist), Brookhaven Gastroenterology, and Great South Bay Endoscopy. The underlying claims arise from a colonoscopy procedure performed on February 2, 2023 at Great South Bay Endoscopy in Suffolk County, New York. Brookhaven Gastroenterology is also named as a defendant associated with Dr. Singh.
In the summons, Plaintiffs designated Kings County as the place of trial, stating as the basis of venue that 3201 Kings Highway in Kings County, New York is the "principal place of business" of Defendant Dr. Shetye.
Defendant Great South Bay Endoscopy served a demand for change of venue to Suffolk County with their Answer on March 18, 2025. They filed this motion on March 28, 2025, within 15 days of that demand. The motion is therefore timely and in compliance with CPLR 511 (a) and (b). Upon serving their Answers, Dr. Singh, Brookhaven Gastroenterology, and Dr. Shetye filed their own respective demands and motions to change venue in compliance with the statute.
Under CPLR 510 (1), the Court may change the designated place of trial, upon motion, where the designated venue is not a proper county. "A plaintiff who selects an improper venue in the first instance forfeits the right to choose the place of venue" (Fisher v Finnegan-Curtis, 8 [*2]AD3d 527, 528 [2d Dept 2004]). "To prevail on a CPLR 510 (1) motion to transfer venue, a defendant bears the burden of demonstrating that the plaintiff's choice of venue was improper on the day the action was commenced, and that the defendant's choice of venue is proper. Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper." (Young Sun Chung v Kwah, 122 AD3d 729, 730 [2d Dept 2014].)
In this case, the moving defendants had the burden of establishing prima facie that on the date this action was commenced, none of the parties "resided" in Kings County within the meaning of CPLR 503 (see Williams v Staten Island University Hospital, 179 AD3d 869, 870 [2d Dept 2020]; Deas v Ahmed, 120 AD3d 750, 750-751 [2d Dept 2014]).
CPLR 503 provides, in relevant part:
(a) Generally. Except where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county designated by the plaintiff. A party resident in more than one county shall be deemed a resident of each such county. . .
(c) Corporation. A domestic corporation, or a foreign corporation authorized to transact business in the state, shall be deemed a resident of the county in which its principal office is located . . .
(d) Unincorporated association, partnership, or individually-owned business. . . an individually-owned business shall be deemed a resident of any county in which it has its principal office, as well as the county in which the partner or individual owner suing or being sued actually resides.
As an initial matter, the movants argue that Dr. Shetye's principal office or place of business is not a proper basis of venue in this action, because Dr. Shetye was sued as a natural person. However, the Court notes that the First Department case cited by the movants for the premise that "the residence of a natural person is his or her abode, not office" is not controlling here (Addo v Melnick, 61 AD3d 453, 453 [1st Dept 2009]). It is now settled law in the Second Department that Subsection CPLR 503 (d) is applicable to a physician in a medical malpractice action, and venue may be based either in the county of their "principal office" or the home where they "actually reside." "For the purposes of determining the proper venue of an action, a party may have more than one residence, and under CPLR 503 (d), the county of an individual's principal office is a proper venue for claims arising out of that business" (Beli v Lacqua, 212 AD3d 701, 701 [2d Dept 2023] [emphasis added] [internal quotation marks and citations omitted]).
While the Court of Appeals has not opined on this issue (see Lividini v Goldstein (37 NY3d 1047, 1049 n 1 [2021] [whether the "individually-owned business" clause applies to a physician was not the issue before the court]), the Second Department's precedent is clear that a defendant physician's "principal office" is a proper basis of venue when they are sued for malpractice in their capacity as a medical doctor, even when they are named individually and not as a corporate entity. (Beli at 701-702; see also Bostick v Safa, 173 AD3d 823, 824 [2d Dept 2019]; Young Sun Chung v Kwah, 122 AD3d 729, 730 [2d Dept 2014]). Thus, although no party denies that Dr. Shetye's "actual place of abode" is in Nassau County, her principal office as a medical doctor is also a valid "residence" for the purpose of venue in a case arising from medical malpractice.
It is not disputed by Plaintiffs that the events giving rise to their medical malpractice claim occurred in Suffolk County, and the principal offices of Great South Bay Endoscopy and Brookhaven Gastroenterology are located in Suffolk County. It is also not disputed that both Plaintiffs reside in Nassau County, and Dr. Shetye's "actual place of abode" is in Nassau County. The contested issue before this Court is whether Dr. Shetye maintained her "principal office" in Kings County, which is a proper basis for venue under CPLR 503 (d) and controlling case law.
The sole evidence offered by any of the movants regarding Dr. Shetye's principal office is a sworn affirmation from Dr. Shetye, stating that the 3201 Kings Highway address in the summons and complaint "is not [her] principal place of business." She further states that this is the address of Mount Sinai Hospital, and that she has "not provided anesthesia services for patients at this location for approximately nine years."
In opposition, Plaintiffs argue that Dr. Shetye's affirmation is conclusory and insufficiently detailed. The defendant merely denies that 3201 Kings Highway is her principal place of business and states that she no longer provides "anesthesia services" at that location, but she does not offer information as to the actual location of her principal place of business, nor does she affirm that she does not maintain a principal place of business anywhere in Kings County.
Plaintiffs also submit various exhibits substantiating their "good faith belief" that Dr. Shetye did maintain her principal place of business in Kings County, specifically with a group practice Brooklyn Kings Highway Anesthesiologists, LLP which served patients at Mount Sinai Hospital. Dr. Shetye provides a more detailed affirmation and exhibits in reply, asserting that her principal place of business is currently in Nassau County.
Based on evaluation of the submissions, the moving defendants have not met their initial burden of establishing the Plaintiffs' choice of venue was improper. Although this may be established with a "detailed affidavit" from the defendant physician, there must be sufficient detail to demonstrate the party's principal office/place of business was not in the chosen county (see Lividini at 1049 [physician's affidavit discussed his income, time spent, and patients treated at his "principal" office in comparison to another hospital where he was employed]). In contrast, the Second Department reversed a trial court's change of venue in Beli v Lacqua, because the defendant's affidavit "in which he asserted in a conclusory manner that the office he maintained in Kings County was not his principal office" was insufficient to meet his prima facie burden. Further, they held that his "more detailed affidavit . . . could not satisfy the defendant's burden on the motion, as it was submitted for the first time with the defendant's reply papers" (Beli at 701-702).
Here, Dr. Shetye's initial affirmation amounts to a conclusory denial that the address in the summons and complaint is her principal place of business, but she provides no other detail as to her relationship with this place of business, nor any principal office within or outside Kings County. This brief and conclusory affidavit is insufficient to establish prima facie that Dr. Shetye's principal office was not in Kings County at the time the action was commenced. Contrary to the movants' reply, it is also not probative that Dr. Shetye affirmatively "denied" that she maintained any office in Kings County in her Answer. This responsive pleading, verified only by counsel and prefaced with "upon information and belief," does not constitute competent evidence (see Jaime v City of New York, 41 NY3d 531, 542 [2024] ["although a verified pleading may be utilized as an affidavit whenever the latter is required, the verified pleading has evidentiary value only if the verifier has personal knowledge of the facts"]). As in Beli, the [*3]physician's more detailed affirmation and exhibits cannot be considered to satisfy their burden, as they were submitted for the first time in reply.
The movants did not demonstrate prima facie that no party resided or, in the case of defendant physicians, had a principal office in Kings County at the time this action was commenced, and therefore they did not demonstrate that Kings County is an improper venue. Thus, the burden did not shift to Plaintiffs to prove the venue was proper, and the motion must be denied.
Accordingly, it is hereby:
ORDERED that the motions of Defendant Great South Bay Endoscopy (Seq. No. 1), Defendants Dr. Singh and Brookhaven Gastroenterology (Seq. No. 2), and Defendant Dr. Shetye (Seq. No. 3) to transfer the venue of this action from Kings County to Suffolk County are DENIED.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.